UNITED STATES of America, Appellee,

v.

Michel PIERRE, Defendant-Appellant.

No. 561, Docket 85–1252.

United States Court of Appeals,
Second Circuit.

Heard Dec. 13, 1985.

Decided Jan. 17, 1986.

Thomas M. O'Brien, The Legal Aid Society, Federal Defender Services Unit, New York City, for defendant-appellant.

Gordon Mehler, Asst. U.S. Atty., Brooklyn (Raymond J. Dearie, U.S. Atty., Mary McGowan Davis, Asst. U.S. Atty., Brooklyn, on brief), for appellee.

Before KAUFMAN, TIMBERS, and NEWMAN, *Circuit Judges.*

JON O. NEWMAN, Circuit Judge:

This appeal challenges the use of a prior consistent statement to rehabilitate the credibility of a witness. Specifically, the issue is whether the consistent statement of a witness may be used to meet the impeaching force of the witness's prior inconsistent statement; the latter statement is alleged to be inconsistent with the witness's trial testimony because a key point in the testimony was not included. The issue arises on an appeal from a judgment of the District Court for the Eastern District of New York (Leonard D. Wexler, Judge) convicting Michel Pierre, after a jury trial, of importing heroin and possessing heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 952(a), 960(a) (1982). We conclude that use of the consistent statement for rehabilitation was proper under the circumstances of this case and therefore affirm.

Customs agents searched Pierre's luggage at Kennedy airport upon his return from a trip to Pakistan, Russia, and Yugoslavia. What appeared to be bulky padding at the waist and shoulders of three suits turned out to be packages of heroin. Pierre was arrested and immediately interviewed, after appropriate advice as to rights, by an agent of the Drug Enforcement Administration (DEA). Pierre claimed that he was unaware of the contents of the suitcase, that it had been given to him by a friend, and that he was to deliver it to a specific bar in Philadelphia.

At trial the DEA agent testified that, during the interview, Pierre refused a request to cooperate by making a controlled delivery of the suitcase to the bar. On cross-examination, the agent acknowledged that his notes of the interview contained no reference to a request to Pierre, or a refusal by him, to make a controlled delivery. The notes were marked as a court exhibit but were not introduced into evidence. They consist of six pages of fragmentary phrases handwritten by the agent during the course of his questioning of Pierre. On redirect examination, the agent was permitted to testify, over objection, that his formal report of the arrest included the fact that Pierre had declined to participate in a controlled delivery of the suitcase. The formal report was also marked as a court exhibit but not introduced into evidence. It consists of five single-spaced typewritten pages and was prepared by the agent three days after Pierre's arrest.

The sole issue on appeal is whether the trial judge erred in permitting the agent to testify that his formal report mentioned Pierre's refusal to make a controlled delivery. The defendant contends that this use of a prior consistent statement to corroborate trial testimony was prohibited by our decision in *United States v. Quinto*, 582 F.2d 224 (2d Cir.1978). The Government, relying on Judge Friendly's concurring opinion in *United States v. Rubin*, 609 F.2d 51, 66 (2d Cir.1979), *aff'd on grant of certiorari limited to other issue*, 449 U.S. 424, 428, 101 S.Ct. 698, 700, 66 L.Ed.2d 633 (1981), contends that reference to the formal report was permissible to rebut the misleading impression conveyed by the reference to the agent's notes.

The law of our Circuit concerning the permissible use of a prior consistent statement is not exactly a seamless web. We have allowed use of such statements to rebut challenges to credibility where the consistent statement was made prior to events creating a motive to testify falsely at trial. *E.g.*, *United States v. Lombardi*, 550 F.2d 827 (2d Cir.1977); *United States v. Zito*, 467 F.2d 1401, 1403–04 (2d Cir. 1972). In such circumstances, the prior consistent statement is not hearsay, Fed.R. Evid. 801(d)(1)(B), and may therefore be used as substantive evidence to prove the

truth of the matter contained therein. Whether such statements may be used in any other circumstances has been a matter of some dispute. In the absence of recent motive to fabricate, the use of prior consistent statements to rehabilitate the credibility of a trial witness has sometimes been rejected, *United States v. Quinto, supra; United States v. Sherman,* 171 F.2d 619, 621–22 (2d Cir.1948), *cert. denied,* 337 U.S. 931, 69 S.Ct. 1484, 93 L.Ed. 1738 (1949), and has sometimes been approved, *United States v. Rubin, supra; United States v. Corry,* 183 F.2d 155, 156–57 (2d Cir.1950); *see also Applebaum v. American Export Isbrandtsen Lines,* 472 F.2d 56, 60–62 (2d Cir.1972) (allowing use of prior consistent statement to rehabilitate credibility of deposition witness). On one occasion, we specifically declined to decide whether the criteria of Rule 801(d)(1)(B), which apply to prior consistent statements used as substantive evidence, also apply to such statements when used only to rehabilitate credibility. *See United States v. James,* 609 F.2d 36, 50 n. 20 (2d Cir.1979), *cert. denied,* 445 U.S. 905, 100 S.Ct. 1082, 63 L.Ed.2d 321 (1980).

■ On closer examination, the apparent disarray of our decisions may yield a unifying explanation. Learned Hand's opinion in *Sherman* discounted the reliability of the prior consistent statement offered in that case because the statement had not been made under oath, 171 F.2d at 622. That circumstance, as Judge Friendly later pointed out, *United States v. Rubin, supra,* 609 F.2d at 68, sounds like a hearsay objection, which would bar the statement as substantive evidence but would not necessarily preclude its use for the non-hearsay purpose of rebutting the impeaching force of a prior inconsistent statement. Of course, not every prior consistent statement has much force in rebutting the effect of a prior inconsistent statement, and the issue ought to be whether the particular consistent statement sought to be used has some rebutting force beyond the mere fact that the witness has repeated on a prior occasion a statement consistent with his trial testimony.

■ A clear example of a consistent statement with such significant rebutting force is the statement approved for rehabilitative use in *United States v. Corry, supra.* In that case the witness denied making the prior inconsistent statement that had been used to impeach his trial testimony. The prior consistent statement was used to establish a pattern of consistency that tended not simply to corroborate the trial testimony but to diminish the likelihood that the witness had made the inconsistent statement attributed to him. *See Stewart v. People,* 23 Mich. 63, 74–76 (1871).

Another example of a prior consistent statement with significant rebutting force is a statement offered to clarify or amplify the meaning of the impeaching inconsistent statement. In such circumstances we have allowed use of the prior consistent statement under the doctrine of completeness. *E.g., United States v. Fayette,* 388 F.2d 728, 733–35 (2d Cir.1968); *United States v. Lev,* 276 F.2d 605, 608 (2d Cir.), *cert. denied,* 363 U.S. 812, 80 S.Ct. 1248, 4 L.Ed.2d 1153 (1960); *United States v. Weinbren,* 121 F.2d 826, 828–29 (2d Cir.1941).

Against this pattern of selective use of prior consistent statements, consideration must be given to the extended discussion of the issue in *Quinto* and *Rubin.* In *Quinto* an agent of the Internal Revenue Service testified to a damaging admission made to him by the defendant taxpayer. On cross-examination the agent's credibility was attacked, but not by use of a prior inconsistent statement. Responding on redirect examination to "a general attack on the agent's credibility," 582 F.2d at 229, the prosecution offered the agent's memorandum of an interview at which the defendant had made the admission. The memorandum was offered both to corroborate the agent's testimony and as substantive evidence that the admission had been made, *id.* This Court reversed. Judge Waterman ruled that the memorandum could not be used as substantive evidence because it failed to satisfy the criteria of Rule

801(d)(1)(B), notably the requirement that a prior consistent statement antedate a motive to fabricate trial testimony. Whatever motive the agent had to fabricate his trial testimony, presumably a desire to obtain a conviction, was "as operative at the time" the memorandum was prepared as at the time of the trial testimony. *Id.* at 234. Then, in the portion of the opinion subsequently disputed by Judge Friendly, Judge Waterman ruled that the memorandum could not be used for the rehabilitative purpose of bolstering the agent's credibility, *id.* at 235, because the same criteria required for use as substantive evidence applied to use for rehabilitation, *id.* at 232.[1]

In *Rubin,* a Government agent, Cox, testified to admissions made by the defendant in a series of interviews conducted during a three-year period. On cross-examination Cox was impeached with memoranda of several of these interviews prepared by other agents. The memoranda contained versions of the defendant's interviews allegedly at variance with those recounted by Cox at trial. To rebut the force of these allegedly prior inconsistent statements (though the statements were those of other agents, not those of Cox), the Government was permitted to offer memoranda of four other interviews, conducted during a five-month period, in which the defendant was reported to have made statements consistent with those recounted by the agent's trial testimony. The use of these prior consistent statements (again, those of other agents, not those of Cox) was upheld in a decision that produced three opinions.

Writing for the Court, Judge Mansfield noted that if the allegedly consistent statements had been offered as substantive evidence (to prove the truth of Cox's account of the defendant's statements), the criteria of Rule 801(d)(1)(B) would have to be met, especially the requirement that the statements had been made before a motive to fabricate arose. He then observed that "[w]hether or not some lesser standard would be required if the prior statements had been offered merely to bolster Cox's credibility as a witness may be debated, as our esteemed brother, Judge Friendly, forcefully explains, notwithstanding our indication in *Quinto* that the standards for use of such statements for rehabilitative purposes should be the same as those under Fed.R.Evid. 801(d)(1)(B), 582 F.2d at 233." *United States v. Rubin, supra,* 609 F.2d at 61. Judge Mansfield then upheld use of the prior consistent statements because the defendant's objection had not been precise, because any error was harmless and, significantly, because the statements were "clearly admissible under the doctrine of completeness, Fed.R.Evid. 106." *Id.* at 63. Rule 106 provides that when part or all of a writing is introduced, the opponent may require introduction of any other part "or any other writing" if "in fairness" it ought to be considered contemporaneously with the first document.[2]

---

1. Some insight into Judge Waterman's rationale for ruling the statement unavailable for rehabilitative use may be gleaned from his opinion three weeks prior to *Quinto* in *United States v. Check,* 582 F.2d 668 (2d Cir.1978). The issue in *Check* was whether prior consistent statements were admissible as substantive evidence. After concluding that they were not, Judge Waterman added in a footnote:

> Moreover, inasmuch as [the witness's] prior statements could not satisfy the standards set forth in Fed.R.Evid. 801(d)(1)(B), the statements were not admissible even for the more limited purpose of bolstering the witness's credibility. *See, e.g., United States v. Arroyo-Angulo,* 580 F.2d 1137, 1146 (2d Cir.1978) (It is a "well established [rule] of evidence that absent an attack on the veracity of a witness, no evidence to bolster his credibility is admissible.").

582 F.2d at 681 n. 40. Evidently, the lack of an attack on the witness's credibility was the reason the prior consistent statement could not be used for rehabilitation in *Check.*

2. Rule 106 is silent as to the permissible uses of the document offered for completeness. Where the first document is introduced not as substantive evidence but only to impeach credibility, the document offered for completeness would seem to be appropriately introduced also not as substantive evidence but only to rehabilitate credibility. *See* 21 C. Wright & K. Graham, *Federal Practice and Procedure* § 5078, at 379 (1977) ("Under Rule 106, if the original evidence was admitted only for a limited purpose, then the additional material should be similarly limited.").

The debate to which Judge Mansfield adverted was taken up by Judge Friendly in a concurring opinion and by Judge Meskill in dissent. Judge Friendly endeavored to demonstrate that Judge Waterman had been mistaken in *Quinto* in stating that the criteria for admitting a prior consistent statement as substantive evidence applied in determining whether the statement could be used solely to rehabilitate the credibility of a trial witness, a view he characterized as dictum, *id.* at 69 & n. 2. Tracing a line of authority originating in Judge Cooley's opinion in *Stewart v. People, supra,* and illustrated by our decisions in *Corry* and *Applebaum,* Judge Friendly argued that a prior consistent statement could in some circumstances be used to rehabilitate credibility. Agreeing with one of Judge Mansfield's points, Judge Friendly concluded that the prior consistent statements in *Rubin* were properly used under the doctrine of completeness.

In dissent, Judge Meskill expressed the view that *Quinto* had correctly equated the criteria for admitting prior consistent statements as substantive evidence with those for using such statements only for rehabilitation. He also disagreed that this expression of equivalence could be dismissed as dictum since *Quinto* had rejected use of the prior consistent statement in that case both as substantive evidence and for rehabilitation. Judge Meskill did not consider whether the statements could be used under Rule 106 since the Government had not invoked the rule of completeness at trial.

 We do not think that *all* of what Judge Waterman said in *Quinto* on the use of a prior consistent statement for rehabilitation can be characterized as dictum. Judge Friendly did so in his concurrence in *Rubin* because the briefs in *Quinto* had considered only whether the agents' memoranda could be used as substantive evidence and did not discuss use for rehabilitation. *See United States v. Rubin, supra,* 609 F.2d at 69 n. 2. But as Judge Meskill pointed out, the absence of briefing does not distinguish a dictum from a holding.

*Id.* at 78 n. 13. *See Monell v. Dep't of Social Services,* 436 U.S. 658, 709 n. 6, 98 S.Ct. 2018, 2045 n. 6, 56 L.Ed.2d 611 (1978) (Powell, J., concurring) ("the mere fact that an issue was not argued or briefed does not undermine the precedential force of a considered holding"). The ruling in *Quinto* that it was error to use the memoranda for rehabilitation at least established the law of the case for the retrial that the Court held was required. Though the conviction would doubtless have been reversed solely for the error in admitting the memoranda as substantive evidence, the ruling prohibiting their use for rehabilitation in the circumstances there presented was at least an alternative holding, which we may not lightly disregard. However, we entirely agree with Judge Friendly that the broad statement in *Quinto* seeming to require *every* use of a prior consistent statement for rehabilitation to satisfy the criteria of Rule 801(d)(1)(B) for use as substantive evidence was dictum in the traditional sense: It was a statement broader than required for decision of the issue presented. The memorandum in *Quinto* had been offered to rebut only a generalized attack on credibility. It had no probative force beyond showing that the witness had at an earlier time been consistent with his trial testimony. *Corry, Applebaum,* and *Rubin,* however, are clear holdings that a prior consistent statement may be used for rehabilitation when the statement has a probative force bearing on credibility beyond merely showing repetition. When the prior statement tends to cast doubt on whether the prior inconsistent statement was made or on whether the impeaching statement is really inconsistent with the trial testimony, its use for rehabilitation purposes is within the sound discretion of the trial judge. Such use is also permissible when the consistent statement will amplify or clarify the allegedly inconsistent statement. It matters not whether such use is deemed a permissible type of rehabilitation or only an invocation of the principle of completeness, though not a precise use of Rule 106.

Applying what we take to be the governing principles from our prior cases, there can be no doubt that the District Judge in the instant case did not err in permitting the DEA agent to testify that his formal typewritten report mentioned Pierre's refusal to participate in a controlled delivery. Unlike the agent in *Quinto*, the agent here had not been subjected merely to a generalized attack on his credibility. Nor was this a case where a witness, confronted with a prior statement contradicting his trial testimony, was sought to be rehabilitated merely by the fact of his having given on a prior occasion a version consistent with his trial testimony. Here the defense sought to draw from the fact that the agent's notes omitted reference to the controlled delivery an inference that this proposal had not been mentioned in the post-arrest interview. It was obviously pertinent to the strength of that inference to show that the agent's formal report included the proposal for the controlled delivery. The issue for the jury was whether the omission from the notes meant that the topic had not been discussed or only that the agent had not included it among the fragmentary phrases he wrote down during the interview. The defense was entitled to argue the first possibility, but the prosecution was entitled to argue the second possibility and to support that argument with the fact that the controlled delivery proposal was mentioned in the agent's formal report.

The judgment of the District Court is affirmed.