PEOPLE v SAYLES

Docket No. 123576. Submitted March 2, 1993, at Lansing. Decided
    July 19, 1993, at 9:05 A.M.

  Allen J. Sayles was convicted by a jury in the Lapeer Circuit
  Court, Martin E. Clements, J., of first-degree criminal sexual
  conduct. He had been tried once before, but had been granted a
  new trial. He appealed.

     The Court of Appeals *held:*

     1. The trial court properly allowed the complainant's testi-
  mony to be buttressed by the introduction of prior consistent
  statements that she had made accusing the defendant because
  the defendant had attempted to impeach her credibility by
  introducing portions of the prior statements to show how they
  were inconsistent with her testimony at trial.

     2. The trial court properly found that the complainant's
  assertion of the physician-patient privilege prohibited the testi-
  mony of a doctor who had examined the complainant shortly
  after the alleged occurrence of the criminal sexual conduct.
  The waiver of the privilege during the prior trial did not
  prevent assertion of the privilege during the second trial. The
  court erred, however, in also barring the admission of the
  doctor's testimony from the prior trial. Because it cannot be
  said that the error was not harmless, the defendant's conviction
  must be reversed and the case remanded for a new trial.

     Reversed and remanded.

     MARILYN KELLY, J., concurred in the result only.

1. CRIMINAL LAW — EVIDENCE — PHYSICIAN-PATIENT PRIVILEGE —
     WAIVER — NEW TRIALS.

  Waiver of the physician-patient privilege during a trial does not
     prevent the assertion of the privilege to prohibit the physician's
     testimony during a subsequent new trial (MCL 600.2157; MSA
     27A.2157).

REFERENCES
Am Jur 2d, Witnesses, §§ 490, 491.
See ALR Index under Privileged and Confidential Matters; Wit-
nesses.

2. CRIMINAL LAW — EVIDENCE — PRIVILEGE.

> When a witness is exempted from testifying during a trial on the ground of privilege, the testimony of the witness given at a prior trial may be introduced as evidence if the party against whom the testimony is being offered had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination (MRE 804[a][1], [b][1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Nick O. Holowka,* Prosecuting Attorney, and *Todd C. Mohr,* Assistant Prosecuting Attorney, for the people.

*Matthew Posner,* for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and MARILYN KELLY and CONNOR, JJ.

CONNOR, J. A jury found defendant guilty of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a). The trial court sentenced him to life in prison. Defendant appeals as of right. We reverse.

Defendant was charged with one count of criminal sexual conduct. The ten-year-old complainant testified that when she was nine years old, defendant had engaged in several acts of sexual penetration with her.

Defendant first argues that the trial court improperly allowed the girl's testimony to be buttressed by the introduction of prior consistent statements she made accusing defendant of this crime. We disagree. Defendant impeached the girl's credibility by introducing portions of the prior statements to show how they were inconsistent with her trial testimony. Under these circumstances, the prosecution must be allowed to explore the extent of the inconsistencies by showing how those same statements were consistent with the girl's trial testimony.

Defendant next finds fault with the trial court's decision regarding the physician-patient privilege.

The girl testified that defendant had penetrated her anus with his penis. Defendant sought to introduce the testimony of the girl's family doctor. The doctor had conducted a rectal examination of the girl shortly after the anal penetration was alleged to have taken place and had found no evidence of trauma. The prosecutor asserted the physician-patient privilege. Defendant argued that the privilege had been waived by the doctor's prior testimony in the first trial,[1] that the privilege did not apply because the doctor was a res gestae witness, and that the privilege must yield to defendant's right to confront his accuser.

The physician-patient privilege is governed by statute. See MCL 600.2157; MSA 27A.2157. We agree with the trial court that the statute's plain wording prohibited the doctor from testifying after the privilege was asserted, and the waiver of the privilege at a prior trial did not prevent assertion of the privilege at this trial. *Breisenmeister v Supreme Lodge Knights of Pythias,* 81 Mich 525; 45 NW 977 (1890). Our Supreme Court's most recent decision regarding the privilege, *Domako v Rowe,* 438 Mich 347; 475 NW2d 30 (1991), is inapplicable. That decision was based on MCR 2.314, a court rule governing discovery that does not apply to criminal matters. See MCR 6.001(D).

We find that the trial court erred, however, because the court's ruling not only prohibited the doctor from testifying at the second trial but also barred the admission of the doctor's testimony from the prior trial as well. When a witness is exempted from testifying by ruling of the court on the ground of privilege, testimony of the witness

[1] Defendant had been tried once before, but subsequently had been granted a new trial.

given at a prior trial may be introduced as evidence "if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." MRE 804(a)(1) and (b)(1). Because we cannot say that this error was harmless, we reverse defendant's conviction and remand for a new trial.[2]

Our reversal of defendant's conviction renders moot defendant's claims of error regarding his sentence.

Reversed and remanded.

MICHAEL J. KELLY, P.J., concurred.

MARILYN KELLY, J., concurred in the result only.

_____

[2] We perceive no constitutional problem caused by assertion of the privilege because of the availability of the prior testimony in this case. But see *People v Adamski,* 198 Mich App 133; 497 NW2d 546 (1993). Our resolution of this case makes it unnecessary for us to decide whether defendant was unfairly prejudiced by the timing of the assertion of the privilege.