104 F.3d 351
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Wai Chui MAH, aka "Tony Mah", Defendant-Appellant.
 No. 96-1224.
 United States Court of Appeals, Second Circuit.
 Oct. 23, 1996.
 
 Avraham C. Moskowitz, Moskowitz & Book, New York, NY.
 Richard Sullivan, Assistant United States Attorney, New York, NY.
 Present: CARDAMONE, MAHONEY, Circuit Judge, RESTANI, Judge.*
 
 
 1
 1. Defendant-appellant Wai Chui Mah appeals from a judgment entered April 5, 1996 after a jury trial in the United States District Court for the Southern District of New York that convicted him of one count of conspiracy to violate the federal firearms laws by agreeing, as a convicted felon, to possess and transport firearms in interstate commerce in violation of 18 U.S.C. § 922(g). On appeal, Mah contends that venue was improper in the Southern District of New York, and that the trial court erred in admitting certain evidence.
 
 
 2
 2. In a prosecution for conspiracy, "venue is proper in any district in which 'an overt act in furtherance of the conspiracy was committed by any of the coconspirators.' " United States v. Naranjo, 14 F.3d 145, 147 (2d Cir.) (quoting United States v. Ramirez-Amaya, 812 F.2d 813, 816 (2d Cir.1987)), cert. denied, 114 S.Ct. 1862 (1994). The government bears the burden of proving the existence of venue by a preponderance of the evidence. See id. at 146. At trial, the government presented evidence that showed, inter alia, that (1) Mah planned to take firearms to New York, (2) Mah actually traveled to New York during the existence of the conspiracy, and (3) guns purchased by Mah were recovered in Manhattan. A jury could reasonably infer from this evidence that Mah or his coconspirators transported the weapons to New York. Accordingly, we conclude that the government's evidence was adequate to allow a jury to find that it was more likely than not that an overt act in furtherance of the conspiracy had been committed in the Southern District of New York.
 
 
 3
 3. Mah challenges two evidentiary rulings made by the district court. We review a district court's evidentiary rulings for abuse of discretion. See United States v. Torres, 901 F.2d 205, 234 (2d Cir.), cert. denied, 498 U.S. 906 (1990). First, Mah argues that prior consistent statements of two witnesses should have been excluded as hearsay. He contends that these statements do not satisfy the requirements of Rule 801(d)(1)(B) of the Federal Rules of Evidence, as recently interpreted by the Supreme Court in Tome v. United States, 115 S.Ct. 696 (1995). Rule 801(d)(1)(B) provides that "[a] statement is not hearsay if ... the statement is ... consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive."
 
 
 4
 4. The statement at issue in this case, however, was not admitted as substantive evidence pursuant to Rule 801(d)(1)(B), but rather for rehabilitation and to present an appropriately complete picture to the jury. As we stated in United States v. Pierre, 781 F.2d 329 (2d Cir.1986);
 
 
 5
 When the prior [consistent] statement tends to cast doubt on whether the prior inconsistent statement was made or on whether the impeaching statement is really inconsistent with the trail testimony, its use for rehabilitation purposes is within the sound discretion of the trial judge. Such use is also permissible when the consistent statement will amplify or clarify the allegedly inconsistent statement. It matters not whether such use is deemed a permissible type of rehabilitation or only an invocation of the principle of completeness, though not a precise use of Rule 106.
 
 
 6
 781 F.2d at 333; see also United States v. Castillo, 14 F.3d 802, 805-07 (2d Cir.), cert. denied, 115 S.Ct. 101 (1994). The district court acted well within its discretion in admitting the challenged prior statements in this case.
 
 
 7
 5. The district court also admitted evidence that Mah had carried a gun in performing security duties for a gambling operation pursuant to Rule 404(b) of the Federal Rules of Evidence. Rule 404(b) authorizes the admission of evidence regarding prior bad acts for purposes other than to prove bad character or propensity, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." A district court's discretionary admission of evidence pursuant to Rule 404(b) will be overturned only if "the district court acted arbitrarily and irrationally." United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir.1992).
 
 
 8
 6. Mah argues that the court should have excluded this evidence, pursuant to Rule 403 of the Federal Rules of Evidence, because its probative value was outweighed by its prejudicial effect. We find no merit in this contention. The district court correctly noted that the defendant's opening statement put into issue the nature of Mah's relationship with one of his alleged coconspirators. See United States v. Rosa, 11 F.3d 315, 334 (2d Cir.1993) have held repeatedly that it is within the court's discretion to admit evidence of prior acts to inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators.") (collecting cases), cert. denied, 114 S.Ct. 1565, 1864 (1994). Further, any potential prejudice to Mah from the admission of this evidence was minimized by the district court's limiting instruction to the jury. Cf. United States v. Pipola, 83 F.3d 556, 566 (2d Cir.1996), cert. denied, 65 U.S.L.W. 3237 (U.S. Oct. 7, 1996).
 
 
 
 *
 The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation