PER CURIAM.
Appellant, Tavares Derel Gibson, appeals from the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.
Appellant set forth a facially sufficient claim for ineffective assistance of trial counsel resulting in an involuntary plea. He alleged counsel misadvised him concerning the length of the sentence which would be served should he enter a guilty plea to the charge of attempted robbery with a firearm. The trial court imposed a sentence far greater than the term appellant’s counsel allegedly told him to expect. Appellant asserted that had he been informed correctly, he would not have entered the guilty plea.
The trial court summarily denied this motion for post-conviction relief based on a plea agreement signed by appellant, which states that no one, including his lawyer, had made any promises to him concerning his eligibility for early release or the amount of time that he would serve under the sentence imposed. The plea agreement does not refute appellant’s claim that counsel failed to advise him that he would have to serve 85% of his actual sentence in prison. Additionally, the trial court failed to attach the transcript of the plea colloquy as further record evidence on appellant’s claim of ineffective assistance of counsel resulting in an involuntary plea.
We therefore reverse and remand for further proceedings. On remand, the trial court may again summarily deny the claim, but only if it attaches record documentation conclusively refuting appellant’s claim. Otherwise, an evidentiary hearing will be necessary.
REVERSED AND REMANDED.
FARMER, GROSS and HAZOURI, JJ., concur.