792 So.2d 1278 (2001)
Delila Shawn MONDAY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-4785.
District Court of Appeal of Florida, First District.
September 6, 2001.
*1279 Michael R. Rollo, Pensacola, for Appellant.
Robert A. Butterworth, Attorney General and Elizabeth Fletcher Duffy, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PADOVANO, J.
Delila Monday, the defendant, appeals her convictions on two charges of committing a lewd and lascivious act in the presence of a child. She contends that the trial court erred in allowing the state to introduce evidence of two prior consistent statements of the victim. We conclude that these statements were properly admitted for the purpose of rehabilitating the victim after she had been impeached with a prior inconsistent statement. Therefore, we affirm.
*1280 The victim was fifteen years old at the time of the incident. She had moved out of her parent's home and was living with the defendant. In her deposition, the victim testified that she had performed oral intercourse on the defendant and that the defendant then performed oral intercourse on her. She said in her deposition that the offenses were committed on April 10, 1999.
Defense counsel told the jury in his opening statement that he would call two witnesses who were house guests in the defendant's home during the weekend of April 10th and 11th. He said that these witnesses would testify that they were present the entire weekend and that the defendant had not engaged in any kind of improper conduct toward the victim. Counsel for the defendant also referred to evidence suggesting that the victim was not a credible witness.
When the victim testified at trial, she gave the same general account of the facts that she had given in her deposition, except that she changed her testimony regarding the date of the offenses. At trial, the victim said that the acts of oral intercourse had actually occurred more than a week earlier on April 2, 1999. Defense counsel impeached the victim on this point with the contrary testimony in her deposition.
On redirect examination, the state offered into evidence two pages from the victim's diary. An entry made on these pages on April 4, 1999, briefly describes the acts in question and indicates that they occurred on April 2, 1999. Defense counsel objected on the ground that the diary was inadmissible as a prior consistent statement, but the objection was overruled. The trial court concluded that the defense had opened the door to this testimony on cross examination.
In keeping with this ruling, the trial court allowed the state to place in evidence another pretrial statement made by the victim. An investigator with the sheriff's department testified that the victim signed an affidavit on April 13, 1999, stating that the offenses had occurred on April 2, 1999. A timely defense objection to the affidavit was overruled, as well.
The jury found the defendant guilty as charged on each of the two counts of lewd and lascivious conduct, and the trial judge sentenced her to concurrent five year terms in the Department of Corrections. The defendant then filed this appeal to challenge the validity of her convictions.
We begin by restating a fundamental principle that is not in dispute. An extrajudicial statement that is consistent with the testimony given by a witness at trial is hearsay and is not admissible to corroborate or bolster the witness's testimony. See Rodriguez v. State, 609 So.2d 493 (Fla.1992); Van Gallon v. State, 50 So.2d 882 (Fla.1951); McElveen v. State, 415 So.2d 746 (Fla. 1st DCA 1982). The danger in admitting a prior consistent statement in evidence is that the statement might acquire added credibility when it is repeated by a more trustworthy witness.
Several exceptions to the general rule are listed in section 90.801(2)(b), Florida Statutes (1999). This statute provides that a prior consistent statement is not hearsay if it is "offered to rebut an express or implied charge against the declarant of improper influence, motive, or recent fabrication" and if the witness testifies at trial and is subject to cross examination. A prior consistent statement is not admissible merely because the opposing lawyer has attacked the credibility of the witness or challenged the truthfulness of the statement given by the witness at trial. See Jenkins v. State, 547 So.2d 1017 (Fla. 1st DCA 1989). The party offering the statement must show that it refutes one of the *1281 particular charges identified in section 90.801(2)(b).
If the victim's prior consistent statements had been offered affirmatively to prove a fact in issue, they would not have been admissible. The defense lawyer did not suggest that the victim had been improperly influenced, that she had an improper motive, or that her statement regarding the date of the offense was a recent fabrication. To the contrary, the cross examination was designed to leave the jury with the impression that the victim's entire statement was fabricated from the start. Defense counsel pointed out that the victim may have falsely accused the defendant, because she needed a good reason to move out of the house. Additionally, defense counsel established that the victim had previously made a false accusation that she had been molested by her father. He argued that she had done this to get her way on one occasion and might very well be doing it again.
In the present case, however, the prior consistent statements were not offered as substantive evidence under the hearsay exclusion in section 90.801(2)(b), but rather to rehabilitate a witness who had been impeached. The circumstances in which a consistent statement may be used to rehabilitate a witness are not limited to those listed in the statute. A statement that is offered to impeach or rehabilitate a witness is not hearsay as defined in section 90.801(1), because it is not offered to prove the truth of the matter asserted. If a statement is not hearsay, there is no need to decide whether it qualifies for an exclusion from the hearsay rule.
Although the Florida courts have not yet addressed this point, federal courts have consistently held that the hearsay exclusions in rule 801(d)(1)(B) do not limit the circumstances in which a prior consistent statement may be admissible to rehabilitate a witness. See United States v. Castillo, 14 F.3d 802 (2d Cir.1994); United States v. Pierre, 781 F.2d 329 (2d Cir. 1986); United States v. Casoni, 950 F.2d 893 (3d Cir.1991); United States v. Ellis, 121 F.3d 908 (4th Cir.1997); United States v. Harris, 761 F.2d 394 (7th Cir.1985); United States v. Andrade, 788 F.2d 521 (8th Cir.1986). These decisions are persuasive authorities, because the federal rule they interpret is substantially the same as the section of the Evidence Code the defendant seeks to apply here. See Hall v. Oakley, 409 So.2d 93 (Fla. 1st DCA 1982); Dinter v. Brewer, 420 So.2d 932 (Fla. 3d DCA 1982).
The issue we must decide then is whether a prior consistent statement is admissible to rehabilitate a witness who has been impeached with a prior inconsistent statement. This is a question that has been the subject of long-standing debate among judges and legal scholars. Appellate courts throughout the country have historically adopted one of two conflicting positions, neither of which is perfectly sound.
Some courts have held that the impeachment of a witness with a prior inconsistent statement does not alone justify the admission of a prior consistent statement as rehabilitation. See Frazier v. State, 632 So.2d 1002 (Ala.Crim.App.1993); People v. Williams, 147 Ill.2d 173, 167 Ill.Dec. 853, 588 N.E.2d 983 (1991); Commonwealth v. Zukoski, 370 Mass. 23, 345 N.E.2d 690 (1976); State v. Fulton, 333 S.C. 359, 509 S.E.2d 819 (1998); Green v. State, 75 Wis.2d 631, 250 N.W.2d 305, (1977). The reason most often given for this position is that once the self-contradiction is proven or conceded it remains as a damaging fact, and it is not explained away simply by showing that the witness also gave a consistent account of the event. See Marcum v. State, 39 Ala.App. 616, 107 So.2d 899 (1958); State v. Murley, 35 Wash.2d 233, *1282 212 P.2d 801 (1949); John W. Strong, McCormick on Evidence, 5th Ed. § 47 (1999).
In contrast, other courts have held that a prior consistent statement is admissible as a matter of course to rehabilitate a witness who has been impeached with a prior inconsistent statement. See State v. McCarthy, 179 Conn. 1, 425 A.2d 924 (1979); State v. Palabay, 9 Haw.App. 414, 844 P.2d 1 (1992); Collins v. State, 318 Md. 269, 568 A.2d 1 (App.1990); People v. Sayles, 200 Mich.App. 594, 504 N.W.2d 738 (1993); State v. Huard, 138 N.H. 256, 638 A.2d 787 (1994). Proponents of this rule argue that if a contradictory statement counts against a witness, a consistent statement must then count in favor of the witness. See 4 Wigmore, Evidence § 1126 (Chadbourn Rev.1972).
The weakness in both of these positions is that they each employ an inflexible principle to resolve a problem that depends on the circumstances of a particular case. As Judge Friendly put it, both of these positions offer "rather simplistic" methods of resolving a problem that is not susceptible to a bright-line solution. See United States v. Rubin, 609 F.2d 51, 67 (2d Cir. 1979) (Friendly, J., concurring). In some situations, the prior consistent statement might have probative force in clarifying or explaining the prior inconsistent statement while in others it might have little effect beyond merely repeating the trial testimony that was the subject of the impeachment.
Even the courts that generally reject the use of prior consistent statements as rehabilitation have recognized that such statements may be admissible as rehabilitation in situations other than those involving claims of recent fabrication or improper motive. For example, if a party attempts to impeach a witness with a prior inconsistent statement and the witness denies making the statement, the opposing party may introduce a prior consistent statement to corroborate the denial. This point was first made in Judge Cooley's opinion in Stewart v. People, 23 Mich. 63 (1871), and it has been widely adopted in many other cases, see 4 Wigmore, Evidence § 1126 (Chadbourn Rev.1972), including two reported decisions in Florida. See Kellam v. Thomas, 287 So.2d 733 (Fla. 4th DCA 1974); Ho Yin Wong v. State, 359 So.2d 460 (Fla. 3d DCA 1978). As Judge Cooley observed in Stewart, there are also many other situations in which it might be appropriate to admit a prior consistent statement as rehabilitation.
For these reasons, we conclude that the admissibility of a prior consistent statement to rehabilitate a witness who has been impeached with a prior inconsistent statement is a matter that is within the discretion of the trial judge. The trial court should not allow a prior consistent statement if it would merely repeat what the witness has said at trial. On the other hand, the trial court may exercise its discretion to admit a prior consistent statement as rehabilitation if it has some value in rebutting the prior inconsistent statement used for impeachment. As the court explained in United States v. Pierre, the question is whether the prior consistent statement "has probative force bearing on credibility beyond merely showing repetition." 781 F.2d at 333.
This case presents a good example of the proper exercise of discretion in allowing a party to use a prior consistent statement to rehabilitate a witness. The victim did not contradict herself on the essential elements of proof; she consistently testified that she was the victim of sexual offenses and that the defendant was the person who committed the offenses. Rather, the contradiction in the victims's *1283 statements related exclusively to the date of the offenses. The prior consistent statements had some value in that they corrected a mistake in reporting the date. In any event, it does not appear that the consistent statements were offered merely to bolster one of two conflicting positions.
It is also significant, in our view, that the victim was a child. The prior consistent statements would necessarily have greater value as corroboration, considering the difficulty a child would likely have in reporting a sexual offense. In another context, not far removed from this one, the Evidence Code expressly allows the introduction of a prior consistent statement by a child victim of sexual abuse. See § 90.803(23), Fla. Stat. This rule does not apply here, but it illustrates that a prior consistent statement by a child victim of sexual abuse cannot be treated as if it were the equivalent of a prior consistent statement given by an adult in some other context.[1] The fact that the witness is a child who was the victim of sexual abuse is certainly relevant. Here we could not say that prior consistent statements were of no value to the jury in evaluating the credibility of the victim.
In summary, we hold that the trial court has discretion to admit a prior consistent statement in evidence to rehabilitate a witness who has been impeached with a prior inconsistent statement. The admission of the statements at issue in this case was not an abuse of discretion. Because the defendant has not shown that the trial court committed reversible error in any other respect, we affirm her convictions.
Affirmed.
BARFIELD and KAHN, JJ., CONCUR.
NOTES
[1] Some courts have established special exceptions that apply in sexual assault cases. See Parker v. State, 581 So.2d 1211 (Ala.App.1990)(holding that a prior consistent statement by a child victim of sexual assault was admissible to corroborate the child's trial testimony); People v. Eppens, 979 P.2d 14 (Colo.1999) (allowing the introduction of a prior consistent statement to rehabilitate a child victim of sexual assault irrespective of the statutory requirements for the admission of prior consistent statements); State v. Pollitt, 205 Conn. 61, 530 A.2d 155 (1987)(holding that a prior consistent statement was admissible to rehabilitate the victim of a sexual assault even in the absence of a claim of recent contrivance).