PER CURIAM.
Appellant appeals a second summary denial of his rule 3.850 motion for post conviction relief. Appellant’s claim in his motion is that his counsel misadvised him as to the amount of time he would serve.
The first summary denial was reversed and remanded for further proceedings in Gibson v. State, 792 So.2d 1278 (Fla. 4th DCA 2001). In that opinion we noted that there was. a form of waiver signed by appellant, stating that no one, including his lawyer, had made any promises concerning his eligibility for early release or the amount of time he would serve under the sentence imposed. The plea colloquy transcript, however, had not been attached, and we remanded for further proceedings.
The trial court has again summarily denied relief based on the plea colloquy transcript, which is now attached. The waiver form contains more than a dozen provisions, each of which was initialed, one of which provided:
[N]o one, including my lawyer, has made any promise to me concerning my eligibility for any form of early release authorized by law or the actual amount of *255 time I will serve under the sentence imposed.
The form is signed by appellant and also by his counsel, who represented on the form that he had “explained each of the above rights to the defendant.” The problem is that, during the plea colloquy, when the court asked appellant’s counsel if he had gone over the provisions of the waiver of rights form with appellant, counsel responded that he had not gone over each one.
In State v. Leroux, 689 So.2d 235, 238 (Fla.1996), the supreme court held that a defendant’s negative response to the trial court’s question of whether anything had been promised to him to induce a guilty plea did not conclusively refute his claim that his plea was the product of trial counsel’s misrepresentations about the amount of time he would actually serve and his eligibility for gain time. In reversing, the court stated:
A defendant who is informed by the court during the plea colloquy that he may have to serve every day of a ten-year sentence could hardly reasonably rely on counsel’s advice to the contrary. But, if that matter was not discussed when the plea was taken, a hearing would be necessary to determine the merits of a defendant’s claim that he relied in good faith upon the erroneous advice of his attorney in entering a plea.
The plea colloquy in this case was not, under Leroux, sufficient to conclusively refute appellant’s claim that his counsel mi-sadvised him. We therefore reverse again, this time for an evidentiary hearing.
POLEN, C.J, WARNER, and KLEIN, JJ., concur.