320 So.2d 462 (1975)
Homer Allen FRAZEE, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 74-41, 75-194.
District Court of Appeal of Florida, Third District.
October 21, 1975.
Phillip A. Hubbart, Public Defender, and Gerald D. Hubbart, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Linda Collins Hertz, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Appellant was tried on a charge of breaking and entering a building with the intent to commit petit larceny. The jury found him guilty of the charge; the court entered judgment and imposed a sentence of three years in prison.
Appellant in these consolidated appeals urges reversal on the grounds that the evidence showed that he was so intoxicated when he committed the acts complained of he did not have the capacity to form a specific intent to commit a misdemeanor. There was uncontroverted testimony that appellant had been drinking alcoholic beverages prior to the time when he was found in the Bar that had been broken into after it had been closed for the night; that within reaching distance of appellant there was a bag containing Twenty-one Dollars in quarters and that the coin box had been ripped off the pool table. The testimony is conflicting as to the extent of his intoxication.
It is appellant's contention that the trial court should have granted his motion for a directed verdict because the jury, as reasonable individuals could not have found appellant guilty beyond a reasonable doubt on the evidence before it. We cannot agree. The state's evidence was sufficient to require that the issues be submitted to the jury.
*463 The jury, after hearing all the testimony and considering the evidence, found the appellant guilty.
It is well settled that where a defense is interposed that the defendant was too intoxicated to form a specific intent to commit the crime and there is sufficient competent evidence adduced on this issue the resolution of such question is solely for the trier of the facts. This court will not substitute its judgment of such matters of fact for that of the jury. Therefore, the judgment and sentence are affirmed.
Affirmed.