323 So.2d 666 (1975)
William Alfonso MARTIN, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 75-530.
District Court of Appeal of Florida, Third District.
November 18, 1975.
Rehearing Denied January 14, 1976.
Carr & Emory, James Baccus, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Ira Loewy, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PEARSON, Judge.
The appellant was charged with "leaving [the] scene of [an] accident involving personal injury" in violation of Fla. Stat. § 316.027. After a trial before the court *667 without jury, he was found guilty as charged and sentenced to serve a period of one year in the county stockade. This appeal is from that judgment and sentence.
Two points are presented but they are argued together in that in each case the appellant urges an insufficiency of the evidence to support the conviction. The gist of appellant's argument is that inasmuch as there is evidence in the record which would support a conclusion that the defendant sustained a concussion before he left the scene of the accident that the State's case was, therefore, not proved beyond a reasonable doubt because it is possible that the defendant did not know what he was doing and, accordingly, lacked the element of willfulness required in the felony defined by Fla. Stat. § 316.027(2). See State ex rel. Miller v. Patterson, Fla.App. 1973, 284 So.2d 9. We hold that the evidence is sufficient because the defense of lack of mental capacity is an affirmative defense. In this case, the best that can be said for the defense is that it raised an issue of fact to be decided upon the conflicting evidence by the trial court.
The State's case was proved when it was established that the defendant, as the driver of the automobile, drove into the side of another car where the damage was extensive and a person therein was injured and that, thereafter, without making any investigation, he drove away. Intent, being a state of mind, is usually not susceptible to proof but must be gathered from the facts and circumstances of a particular case. Skold v. State, Fla.App. 1972, 263 So.2d 627. Until the contrary is proved, an individual is presumed to intend the ordinary results of his acts. See American Fire and Casualty Company v. Sunny South Aircraft Service, Fla. 1963, 151 So.2d 276; and see Pell v. State, 1929, 97 Fla. 650, 122 So. 110. The defendant attempted to meet the State's case by presenting a claim of head injury which might result in an incapacity to form a criminal intent. This defense was similar in nature to a defense of insanity at the time of the act in that it claimed a lack of mental capacity. It is well established that insanity is an affirmative defense. See Brady v. State, Fla.App. 1966, 190 So.2d 607, and Byrd v. State, Fla.App. 1965, 178 So.2d 886.
Under the facts of this case, the issue was properly one for the trier of fact to determine. The issue of mental capacity could have been taken from the trier of fact only if there were insufficient evidence for the question to go to the trier of fact or if the defense were proved as a matter of law. See 23A C.J.S. Criminal Law § 1130 (1961) and the cases cited thereat; cf. Frazee v. State, Fla.App. 1975, 320 So.2d 462 (released Oct. 21, 1975).
Affirmed.