ALTENBERND, Acting Chief Judge.
Dwayne A. Williams appeals his judgments and sentences arising out of an automobile accident on July 25, 1996. He was convicted of vehicular homicide, leaving the scene of an accident involving a death, leaving the scene of an accident involving an injury, resisting arrest, and driving without a valid driver’s license. We affirm these convictions except the ■conviction for leaving the scene of an accident with injuries. Our reversal of this one conviction affects the scoresheet in this case. Because Mr. Williams received the maximum sentence allowable by his scoresheet, we reverse his sentences and remand for resentencing.
The accident occurred near the intersection of Martin Luther King Street and Disston Street in Tarpon Springs. Mr. *432 Williams was driving recklessly in a residential neighborhood for a considerable period prior to the accident. He was accompanied by a male passenger. A witness warned Mr. Williams to slow down because she was afraid that he would hit a child, and he responded with obscenities. A truck driver who was traveling eastbound on Martin Luther King Street testified that Mr. Williams pulled out in front of her from a side street. The truck driver was required to brake hard to avoid Mr. Williams’ car. Mr. Williams then accelerated and drove east in an erratic fashion on Martin Luther King Street. Before it reached Disston Street, Mr. Williams’ car crossed the yellow line into the westbound lane of oncoming traffic. The victims’ car was traveling in the westbound lane. Apparently, Mr. Williams was trying to beat the victims’ car to the intersection to make a left turn onto Disston Street, although he did not have a left turn signal on. The two cars collided near the intersection. Both cars sustained considerable damage. After the impact, Mr. Williams and his passenger fled the scene on foot.
The victims’ car contained three occupants, a driver and two small children. All three sustained what appeared at the scene to be minor injuries. The driver sustained injuries to a knee, which required treatment at a hospital and followup care. A two-year-old boy was shaken up in the accident and cried extensively, but he checked out fine at the hospital. A five-year-old girl who was wearing a seat-belt complained that her stomach hurt immediately after the accident. Although she was taken to the hospital and released, she developed complications from internal injuries and died the following day.
The charges of vehicular homicide and leaving the scene of an accident resulting in death related to the little girl’s death. The charge of leaving the scene of an accident resulting in injury related to the other driver’s knee injury. We note that the passenger in Mr. Williams’ car sustained injuries, but Mr. Williams was not charged with any offense concerning his passenger’s injuries. On appeal, Mr. Williams raises issues concerning the sufficiency of the evidence to establish vehicular homicide and the admissibility of an opinion provided by the State’s accident reconstruction expert. We affirm on these issues without discussion.
Mr. Williams also maintains that he cannot be convicted of leaving the scene of an accident resulting in death because the little girl did not die at the scene, but died a day later from what, at first, appeared to be minor injuries. From our reading of State v. Dumas, 700 So.2d 1223 (Fla.1997), and State v. Mancuso, 652 So.2d 370 (Fla.1995), we conclude that the supreme court has rejected this argument. The State is obligated to prove that a defendant, such as Mr. Williams, knew or reasonably should have known that a person was at least injured in the accident. The level of the offense is then determined by whether the person survives or dies from the injury. In this case, from the speed of the cars, the extent of the damage to the vehicles, and the injury to his passenger, the jury was free to find that Mr. Williams should have known that a person was at least injured in the accident. Mr. Williams did not need to appreciate the extent of the injuries or the number of people injured in order to be convicted.
Mr. Williams also argues that to convict him of both leaving the scene of an accident resulting in death and leaving the scene of an accident resulting in injury constitutes double jeopardy. This court has held that it violates double jeopardy to convict a person for two counts of leaving the scene of an accident resulting in injury to two persons. See Waldecker v. State, 707 So.2d 777 (Fla.2nd DCA 1998); see also Hoag v. State, 511 So.2d 401 (Fla. 5th DCA 1987). Thus, if the little girl had survived in this case, there could be but one conviction. In light of the reasoning in Dumas establishing that the injury/death distinction is only a “result-driven sanction,” we conclude that the injury of *433 fense is a necessarily lesser-included offense of the death offense and that only one conviction is permissible when a defendant leaves the scene of a single accident. Accordingly, we reverse the conviction for leaving the scene of an accident resulting in injuries. We also reverse the sentences and remand for resentencing.
Affirmed in part, reversed in part, and remanded.
FULMER and NORTHCUTT, JJ., Concur.