769 So.2d 1109 (2000)
Terranton HUNT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4665.
District Court of Appeal of Florida, Second District.
October 4, 2000.
*1110 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
The appellant, Terranton Hunt, challenges two of his convictions arising out of an automobile accident. He was convicted of vehicular homicide/leaving the scene of an accident involving death; causing death while driving with a suspended license; aggravated fleeing and eluding; resisting an officer with violence; leaving the scene of an accident involving injury; and possession of cocaine. He argues for the first time on appeal that the vehicular homicide/leaving the scene of an accident involving death charge bars prosecution for the charges of leaving the scene of an accident involving injury and causing death while driving with a suspended license, pursuant to the double jeopardy doctrine. We agree and reverse both convictions on that basis.
Initially, we observe that double jeopardy allegations may be addressed for the first time on appeal, absent waiver, because such errors constitute fundamental error. See Novaton v. State, 634 So.2d 607, 609 (Fla.1994); Jones v. State, 711 So.2d 633, 634 (Fla. 1st DCA 1998); Grene v. State, 702 So.2d 510, 511-12 (Fla. 3d DCA 1996). In this case, Hunt did not waive his double jeopardy claims, where he entered an unbargained plea of guilty, the violations are apparent from the record, and there is nothing in the record to indicate a waiver. See Novaton, 634 So.2d at 609; Melvin v. State, 645 So.2d 448, 449 (Fla.1994).
Addressing the leaving the scene of an accident involving injury conviction first, Hunt argues, and the State agrees, that to convict Hunt of both vehicular homicide/leaving the scene of an accident involving death and leaving the scene of an accident involving injury constitutes double jeopardy. Section 782.071, Florida Statutes (1997), provides, in pertinent part:
"Vehicular homicide" is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great *1111 bodily harm to, another. Vehicular homicide is:
. . . .
(2) A felony of the second degree, ... if:
(a) At the time of the accident, the person knew, or should have known, that the accident occurred; and
(b) The person failed to give information and render aid as required by s. 316.062.
The statute criminalizing leaving the scene of an accident involving injury, section 316.027, Florida Statutes (1997), provides, in pertinent part:
(1)(a) The driver of any vehicle involved in an accident resulting in injury of any person must immediately stop the vehicle at the scene of the accident, or as close thereto as possible, and must remain at the scene of the accident until he or she has fulfilled the requirements of s. 316.062. Any person who willfully violates this paragraph is guilty of a felony of the third degree, ...
Both the First and Fourth Districts have held that double jeopardy bars prosecution under section 316.027(1), Florida Statutes (1991), because that section is subsumed by section 782.071(2), Florida Statutes (1991). See Pierce v. State, 744 So.2d 1193, 1196 (Fla. 4th DCA 1999); Wright v. State, 573 So.2d 998, 1001 (Fla. 1st DCA 1991). This analysis applies to the 1997 version of the vehicular homicide statute as well. Section 782.071 subsumes the requirement found in section 316.027 that the motorist stop and comply with the requirements of section 316.062, Florida Statutes (1997). See generally Garrett v. United States, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985) (holding the test of double jeopardy is statutory elements, not evidence produced at trial). On that basis, we reverse Hunt's conviction for leaving the scene of an accident involving injury.
This court's decisions in Williams v. State, 732 So.2d 431 (Fla. 2d DCA 1999), and Waldecker v. State, 707 So.2d 777 (Fla. 2d DCA 1998), support this conclusion. Although those cases do not address a vehicular homicide/leaving the scene of an accident involving death conviction, their analysis of multiple convictions for leaving the scene of an accident is relevant. In Waldecker, 707 So.2d at 778, this court held that only one leaving the scene of an accident conviction could stand because the defendant failed to stop at only one accident, regardless of how many people were injured. Citing Waldecker, this court held in Williams, 732 So.2d at 432-33, that leaving the scene of an accident resulting in injury is a necessarily lesser-included offense of leaving the scene of an accident resulting in death and that "only one conviction was permissible when a defendant leaves the scene of a single accident." Likewise, Hunt cannot be convicted of vehicular homicide/leaving the scene of an accident involving death and leaving the scene of an accident involving injury. As in Waldecker and Williams, Hunt left the scene of only one accident.
Hunt also asserts that double jeopardy bars his conviction of both vehicular homicide/leaving the scene of an accident involving death and causing death while driving with a suspended license. We agree. In State v. Cooper, 634 So.2d 1074, 1074-75 (Fla.1994), the Florida Supreme Court held that a defendant could not be convicted of both DUI manslaughter and causing death while driving with a suspended license. The Florida Supreme Court reasoned that a single death could not support both convictions. Id. at 1075. In Pierce v. State, 718 So.2d 806, 810 (Fla. 4th DCA 1997), the Fourth District relied on Cooper to hold that double jeopardy likewise bars convictions for both vehicular homicide and causing death while driving with a suspended license. We agree with this analysis and reverse Hunt's conviction for causing death while driving with a suspended license on this basis.
Accordingly, we affirm Hunt's conviction for vehicular homicide/leaving the scene of an accident involving death. We also affirm *1112 the convictions as to counts III, IV, and VI, not challenged on appeal. However, we reverse Hunt's convictions and sentences for leaving the scene of an accident involving injury and causing death while driving with a suspended license. Because our reversal affects the scoresheet in this case, we reverse the sentences of the four remaining convictions and remand for resentencing.
Reversed in part and affirmed in part.
PATTERSON, C.J., and WHATLEY, J., Concur.