PER CURIAM.
 

 Appellant seeks review of the trial court’s order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, he alleged that several of his convictions violated the principles of double jeopardy. Only one of his claims merits further discussion.
 

 After stealing a car and fleeing arrest, Appellant struck two victims, Crystal and Cynthia Riley with the stolen vehicle. Crystal Riley later died as a result of the accident. Appellant was charged with and entered an open plea to, among other charges, vehicular homicide in Crystal’s death (count III) and driving without a valid driver’s license resulting in Crystal’s death and/or the serious bodily injury of
 
 *1049
 
 Cynthia (count IV).
 
 *
 
 In his motion for postconviction relief, Appellant, citing
 
 Hunt v. State,
 
 769 So.2d 1109 (Fla. 2d DCA 2000), alleges that these two convictions violate the principles of double jeopardy.
 

 In
 
 Hunt,
 
 the court held that convictions for vehicular homicide/leaving the scene of an accident involving death and causing death while driving with a suspended license constituted double jeopardy.
 
 Hunt,
 
 769 So.2d at 1111. The court, agreeing with and applying the reasoning in
 
 State v. Cooper,
 
 634 So.2d 1074, 1074-75 (Fla.1994), determined that a single death could not support both convictions.
 
 Id.
 
 Appellant’s case is distinguishable from
 
 Hunt,
 
 however, because count IV charged Appellant with committing an act against two separate victims and Appellant’s own allegations support a conclusion that each of the two offenses to which he pled and was convicted applies to a different victim.
 

 The record does not contain the plea colloquy, but Appellant does not challenge the factual basis for his plea or deny striking Cynthia Riley with the car. On the contrary, by his own allegations Appellant admits that he struck both Crystal and Cynthia Riley with a stolen car while attempting to flee arrest. He further admits that he had no valid license at the time of the offense. Moreover, Appellant does not allege that he only entered a plea to the striking and killing of Crystal Riley.
 

 Allegations made in a motion for postconviction relief must be accepted as true insofar as they are not refuted by the record.
 
 Washington v. State,
 
 10 So.3d 1126 (Fla. 1st DCA 2009). Where Appellant admitted to driving without a license and striking both victims, resulting in the death of one of the victims and serious injury to the other, his allegation that convictions for both driving without a valid driver’s license resulting in death and/or serious bodily injury and vehicular homicide violate the principles of double jeopardy is without merit. The facts in Appellant’s motion refute his claim and support a determination that each conviction applies to a different victim.
 
 See Hunt,
 
 769 So.2d at 1111;
 
 cf. Croom v. State,
 
 36 So.3d 707 (Fla. 1st DCA 2010) (holding that the use of “and/or” between names of victims in jury instructions was not fundamental error where there was overwhelming evidence that appellant assaulted all three victims named in the instruction).
 

 Accordingly, we affirm the trial court’s denial of Appellant’s motion for postconviction relief.
 

 AFFIRMED.
 

 BENTON, VAN NORTWICK and WETHERELL, JJ., concur.
 

 *
 

 Count IV alleged that Appellant "did unlawfully drive a motor vehicle upon a highway of this state without having a driver’s license as required by Section 322.03, Florida Statutes, and, by careless or negligent operation of the motor vehicle did
 
 cause the death of or serious bodily injury to
 
 another human being,
 
 Crystal Riley and/or Cynthia Riley,
 
 contrary to Section 322.34(6)(a), Florida Statutes." (emphasis added).