SILBERMAN, Chief Judge.
Brian Douglas Haag appeals his convictions and sentences for vehicular homicide/leaving the scene (count one), leaving the scene of a crash involving injury (counts two and three), and reckless driv *352 ing with serious bodily injury (counts four and five).[1] The trial court imposed a sentence of twenty years in prison on count one. The trial court imposed five years in prison on the remaining counts, concurrent with each other and consecutive to count one. Based on Haag’s double jeopardy argument, we reverse his convictions and sentences on counts two and three. We affirm without discussion the remaining convictions and sentences.
Haag contends that his conviction for vehicular homicide/leaving the scene pursuant to section 782.071(l)(b), Florida Statutes (2007), and his two convictions for leaving the scene of a crash involving injury pursuant to 316.027(l)(a), Florida Statutes (2007), violated double jeopardy principles and constituted fundamental error. The three counts at issue involve three different victims. In count one the victim was Kenneth Sapp, who died as a result of the crash that occurred on October 3, 2007. The victims in counts two and three, Corey Sapp and David Smith, sustained injuries as a result of that same crash.
Haag properly raises this double jeopardy argument on appeal. Absent waiver, a double jeopardy issue may be addressed for the first time on appeal because a double jeopardy violation constitutes fundamental error. See Hunt v. State, 769 So.2d 1109, 1110 (Fla. 2d DCA 2000). Nothing in our record indicates that Haag waived the double jeopardy claim in the trial court.
In Hunt, this court recognized that convictions for vehicular homicide/leaving the scene of an accident involving death under section 782.071(2), Florida Statutes (1997), and leaving the scene of an accident involving injury under section 316.027(1), Florida Statutes (1997), violated double jeopardy principles because Hunt left the scene of only one accident. 769 So.2d at 1111; see also Williams v. State, 732 So.2d 431, 432-33 (Fla. 2d DCA 1999) (determining that only one conviction for leaving the scene of an accident could stand because the defendant left the scene of only one accident); Waldecker v. State, 707 So.2d 777, 778 (Fla. 2d DCA 1998) (same). This court stated in Hunt that “[sjection 782.071 subsumes the requirement found in section 316.027 that the motorist stop and comply with the requirements of section 316.062, Florida Statutes (1997).” 769 So.2d at 1111. For purposes of the double jeopardy analysis, the 1997 statutes at issue in Hunt are the same in all pertinent respects as the 2007 version of the statutes that are applicable here.
The State relies upon McKnight v. State, 906 So.2d 368 (Fla. 5th DCA 2005), to support its position that the conviction for vehicular homicide/leaving the scene and the two convictions for leaving the scene of a crash involving injury do not violate double jeopardy principles. However, McKnight is distinguishable because there the issue was whether two convictions for vehicular homicide under section 782.071(1)(b) constituted a double jeopardy violation where the defendant fled and failed to give aid to the victims. Id. at 369. In rejecting McNight’s argument, the Fifth District recognized that it was not addressing convictions for leaving the scene of an accident under section 316.027 in addition to the vehicular homicide convictions. Id. at 373.
Here, because Haag’s two convictions for leaving the scene of a crash involving injury under section 316.027 are subsumed within the conviction for vehicular homicide/leaving the scene under section 782.071(l)(b), double jeopardy principles require that the two convictions under *353 section 316.027 be reversed. See Hunt, 769 So.2d at 1111. Therefore, we reverse Haag’s convictions and five-year sentences on counts two and three for leaving the scene of a crash involving injury. We affirm his remaining convictions and sentences on counts one, four, and five.
Affirmed in part and reversed in part.
DAVIS and BLACK, JJ., Concur.

. The crash resulted in the death of one person and injuries to two other individuals.