SILBERMAN, Chief Judge.
K.W. seeks review of the order withholding adjudication and placing her on juvenile probation for leaving the scene of a crash involving injury. K.W. argues that the trial court erred in denying her motion for judgment of dismissal because the evidence did not establish that she knew or should have known that the crash involved injury. We agree and reverse.
On the morning of November 6, 2010, an officer arrived at the scene of a reported accident on 1-275 involving an overturned vehicle. While he was investigating the crash, a car pulled up. The driver of the car told the officer that a person who was involved in the accident was inside the car. K.W. was that person, and she told the officer she had been driving.
James Williamson, the man in the overturned vehicle, was the only eye-witness to the crash to testify. Williamson said he was driving south on 1-275 when his car was struck by another car and rolled over. Williamson, who had sustained head and back injuries, had not seen who hit him or where on his vehicle the impact occurred. He guessed that his vehicle was probably hit on the right rear. He was not sure how fast he was driving, but he believed it was around the speed limit. He understood that whoever hit his vehicle hit another vehicle first.
The only evidence regarding the extent of KW.’s involvement in the accident came from the investigating officer’s testimony that the left rear of K.W.’s car had sustained damage. The third vehicle involved in the crash was found on Dale Mabry Highway. There was no information regarding the extent of its involvement in the crash or where it sustained damage.
The question before this court is whether the State presented sufficient evidence of K.W.’s intent to survive a judgment of dismissal. A judgment of dismissal should be granted when, viewing the evidence in the light most favorable to the State, the evidence is insufficient to establish a prima facie case of the charged offense. M.F. v. State, 35 So.3d 998, 1000 (Fla. 2d DCA 2010). In cases involving circumstantial evidence, the State must also present evidence that is inconsistent with the defendant’s reasonable hypothesis of innocence. Id.
Section 316.027(l)(a), Florida Statutes (2010), proscribes the crime of leaving the scene of a crash involving personal injury or death. In order to meet the intent requirement, the State must establish that the driver “either knew of the resulting injury or death or reasonably should have known from the nature of the accident.” State v. Mancuso, 652 So.2d 370, 372 (Fla.1995).
The State argues that the following evidence established that K.W. should have known that the crash involved injury: (1) K.W. was the driver of a vehicle that was involved in a crash on 1-275, (2) K.W. failed to stop at the scene, (3) the impact of the crash flipped Williamson’s car over, (4) Williamson sustained injuries, and (5) K.W. returned to the scene shortly thereafter. The problem with the State’s evidence is that the State never established how the three vehicles impacted to cause *76 Williamson’s vehicle to roll over. And, while the nature of an impact could establish that a defendant should have known the crash resulted in injury, see Williams v. State, 732 So.2d 431, 432 (Fla. 2d DCA 1999), there is simply not enough evidence in the record establishing that K.W. was involved in the impact that caused Williamson’s vehicle to roll over or that she was aware of what happened to Williamson’s vehicle.
K.W. argues that based on the evidence, it seems more likely that K.W.’s car was in a collision with the third car and the third car caused the rollover. In that scenario, K.W. may have continued driving down the interstate without knowledge of the second impact that caused Williamson’s car to roll over. Without evidence regarding how the three vehicles impacted to cause the rollover, a jury could not determine from the nature of the impact that K.W. was aware that the crash caused injury. Compare Williams, 732 So.2d at 432 (holding that evidence was sufficient to establish that the defendant who collided head-on with another car should have known of the victim’s injury “from the speed of the cars, the extent of the damage to the vehicles, and the injury to his passenger”). Because the State did not produce other evidence establishing what K.W. knew or reasonably should have known regarding Williamson’s personal injuries, K.W. was entitled to a judgment of dismissal.
Reversed.
LaROSE and MORRIS, JJ., Concur.