VTLLANTI, Judge.
Charles Edward Booker seeks review of his convictions and sentences for one count of leaving the scene of a crash involving injury, two counts of DUI with property damage or personal injury, and one count of obstructing or opposing an officer without violence. Booker raises no issues in this appeal concerning the two DUI convictions or the obstructing or opposing conviction, and we affirm those convictions without comment. However, as to Booker’s claim that the evidence was insufficient to support his conviction for leaving the scene of a crash involving injury, we agree and reverse that conviction.
The facts established at trial showed that in the early evening hours of June 20, 2010, Karina Alvarado pulled her car off to the side of Highway 41 in a semi-rural area due to mechanical trouble. Tampa Police Officer Adam Strickland saw Alvarado’s car on the side of the road, activated his emergency lights, and parked behind Alvarado’s car, but closer to the lanes of travel, to see whether he could assist her. Because of where Strickland stopped his patrol car, it at least partially blocked the view of Alvarado’s car for oncoming traffic. Alvarado told Strickland that family members were on their way to assist her, and Strickland decided to wait with Alvarado until help arrived. Alvarado was sitting sideways in the driver’s seat of her car with her feet on the ground. Strickland was standing by the driver’s door.
As the two were waiting, Strickland heard the sound of squealing tires. He looked down the highway and saw a vehicle driven by Booker traveling toward them at a high rate of speed. As Strickland watched, Booker lost control of his car, and it spun around and began traveling backwards toward Strickland’s parked patrol car. Strickland pushed Alvarado’s legs back inside her car, shut the car door, and started to run away from the vehicles. As he did so, Booker’s car’s trunk hit Strickland’s patrol car’s trunk. This impact then pushed Strickland’s patrol car forward and into the rear bumper of Alvarado’s car. After the impact, Booker— whose car was still facing away from Alvarado’s car and the patrol car — tried to drive away from the scene; however, the damage to his vehicle was too severe and he was able to move only a few feet before Strickland, who was not injured, reached the car and pulled Booker from it. Alvarado subsequently complained of neck and back pain, and she was taken from the scene in an ambulance. Booker was arrested for, among other things, leaving the scene of a crash involving injuries.
At the close of the State’s case, Booker moved for judgment of acquittal on the charge of leaving the scene of a crash involving injuries, arguing that the State had presented no evidence to prove that Booker either knew or should have known that Alvarado was injured when he attempted to leave the scene. The State argued that the nature of the crash was such that Booker should have known of Alvarado’s presence and injuries. The trial court denied the motion for judgment of *1037 acquittal, and the jury subsequently found Booker guilty as charged on this count. He now appeals the resulting conviction and sentence.
Section 316.027(l)(a), Florida Statutes (2010), provides:
The driver of any vehicle involved in a crash occurring on public or private property that results in injury of any person must immediately stop the vehicle at the scene of the crash, or as close thereto as possible, and must remain at the scene of the crash until he or she has fulfilled the requirements of s. 316.062. Any person who willfully violates this paragraph commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(Emphasis added.) To meet the intent requirement of the statute as written, it is not enough for the State to prove that the defendant was involved in a crash that resulted in injury or death, that the defendant knew or should have known that he was involved in a crash, and that the defendant willfully failed to stop at the scene. See State v. Mancuso, 652 So.2d 370, 371-72 (Fla.1995). Instead, the State must also “establish that the driver ‘either knew of the resulting injury or death or reasonably should have known from the nature of the accident.’ ” K.W. v. State, 78 So.3d 74, 75 (Fla. 2d DCA 2012) (quoting Mancuso, 652 So.2d at 372). Further, when there are multiple impacts, the driver must know of the specific impact that actually resulted in the injury. Id. at 76. This knowledge, like other states of mind, must be determined from the facts and circumstances of the particular case.
For example, in Martin v. State, 323 So.2d 666, 667 (Fla. 3d DCA 1975), the State presented evidence that Martin “t-boned” another car and that the damage to both cars was extensive. The court found that Martin should have known of the injury to the other driver based on the nature of the impact and the extent of damage to the vehicles. Thus, the court found that Martin’s motion for judgment of acquittal was properly denied.
To the contrary, in K.W., the State presented evidence that K.W. had hit another vehicle while traveling on 1-275; the accident had involved three vehicles, one of which flipped over; the injured driver had not seen who hit him or where on his vehicle the impact occurred; and KW.’s car sustained damage to its left rear side. 78 So.3d at 75. But the State never presented evidence to establish how the three vehicles impacted or whether it was KW.’s car that caused the vehicle to overturn. Id. at 75-76. In reversing the conviction for leaving the scene of a crash involving injuries due to insufficient evidence, this court noted that “[wjithout evidence regarding how the three vehicles impacted to cause the rollover, a jury could not determine from the nature of the impact that K.W. was aware that the crash caused injury.” Id. at 76.
While not factually identical, Booker’s case is much more akin to K.W. than Martin. Here, the evidence is undisputed that Booker was speeding, that his car had spun around, and that the rear of his car collided with the rear of the patrol car that was stopped on the side of the road. As a result, Booker’s vehicle was facing away from both the patrol car and Alvarado’s car at the time of impact. Moreover, photos introduced into evidence show that Alvarado’s car was at least partially blocked from view by the patrol car parked behind it. Thus, the position of the vehicles and the nature of the accident were not of such a nature, in and of themselves, as to establish that Booker knew or should have known of the crash that caused the injuries to Alvarado. Hence, as in K.W., the State presented insufficient evidence to prove *1038 that Booker knew of the second crash that actually resulted in the injury.
In addition, there was no evidence to establish that Booker knew or should have known that Alvarado was injured. The photos introduced by the State show that the damage to Alvarado’s car was minimal, and there was little to no damage to the front of the patrol car where it impacted Alvarado’s car. Thus, even assuming that Booker should have been aware of the impact to Alvarado’s car, nothing about the nature of that impact would establish that Booker either knew or should have known that the car was occupied or that Alvarado was injured. In the absence of such evidence, the trial court should have granted Booker’s motion for judgment of acquittal on this charge. See Baugh v. State, 961 So.2d 198, 203-04 (Fla. 2007) (reiterating the rule that when the State fails to present evidence to support each and every element of its prima facie case, a judgment of acquittal should be granted); K.W., 78 So.3d at 76 (reversing for entry of a judgment of dismissal because the State did not produce evidence that K.W. knew or should have known of the victim’s injuries).
In this appeal, the State’s argument is essentially the same one that was rejected by the supreme court in Mancuso, i.e., that knowledge of the crash is, ipso facto, sufficient to establish knowledge of the injuries. However, as the Mancuso court pointed out, knowledge of the injury is a separate specific element of this offense because “the statute imposes a more severe criminal penalty for leaving the scene of an accident where personal injuries are involved than does a similar statute imposing sanctions where only property damage is involved.” 652 So.2d at 372. Thus, controlling precedent dictates that proving nothing more than knowledge of the crash is legally insufficient to support a conviction for leaving the scene of a crash involving injuries.
Here, while the State clearly presented evidence that Booker knew he was involved in a crash, it presented no evidence to establish that he knew or should have known of the impact to Alvarado’s car or that he knew or should have known of Alvarado’s injuries. Therefore, the trial court should have granted the motion for judgment of acquittal as to this count.
Affirmed in part, reversed in part, and remanded with directions.
WALLACE and KHOUZAM, JJ., Concur.