IN THE DISTRICT COURT OF APPEAL
                                        FIRST DISTRICT, STATE OF FLORIDA

BILLY JOE PITTS,                        NOT FINAL UNTIL TIME EXPIRES TO
                                        FILE MOTION FOR REHEARING AND
        Appellant,                      DISPOSITION THEREOF IF FILED

v.                                      CASE NO. 1D16-2156

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed August 10, 2017.

An appeal from the Circuit Court for Escambia County.
W. Joel Boles, Judge.

Andy Thomas, Public Defender, and Maria Ines Suber, Assistant Public Defender,
Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Michael L. Schaub, Assistant Attorney
General, Tallahassee, for Appellee.

WINSOR, J.

        While driving a 1997 Isuzu Rodeo, Billy Joe Pitts struck and killed a woman

just outside Pensacola's Relax Inn. Pitts was convicted of driving with a suspended

license (the felony variety) and leaving the scene of a crash involving death (also a

felony). This is his appeal.

Pitts's version of events shifted over time. According to police, Pitts initially denied involvement altogether, saying someone took the car without his knowledge. Pitts later admitted he was in the Isuzu that night, but insisted a man named Stefan[1] was driving. And at some point, Pitts acknowledged he knew the Isuzu hit *something*, but he said he thought it was a dog—not a human being.

But there was significant evidence that Pitts was behind the wheel when the Isuzu killed Betty Anne McNeely, and the jury rejected Pitts's defense. The jury convicted him on both counts, and the court sentenced him to twenty years for leaving the scene and five years for driving with a suspended license. Pitts now raises four issues on appeal. We address them in turn.

I.

Pitts first argues that the trial court should have severed the two charges. His lawyer argued below that Pitts would be prejudiced if the charges were tried together because the State would introduce Pitts's driving record to support the suspended-license charge and that record would indicate suspension for "drug issues." But the State responded that the documents it would introduce said nothing about drugs; they only showed that Pitts's license was suspended and when the suspension began. The

---

[1] Pitts told officers he did not know Stefan's last name and had no way of finding him.

2

trial court denied Pitts's motion to sever. We review only for an abuse of discretion. *See Smithers v. State*, 826 So. 2d 916, 923 (Fla. 2002).

Pitts's argument on appeal is a bit different than his argument below. Rather than argue about drug offenses specifically, he now argues that evidence about his license suspension implied his license was suspended for life or for a very serious offense. This, he argues, shows sufficient prejudice to warrant severance. *See* Fla. R. Crim. P. 3.152(a)(2)(A) (providing that court should grant severance if "appropriate to promote a fair determination of the defendant's guilt or innocence of each offense"). Regardless of whether Pitts preserved this broader argument, we reject it.

Two or more offenses may be joined if they are based on the same act or transaction, or two or more connected acts or transactions. *See* Fla. R. Crim. P. 3.150(a). Here, the two acts were connected. Pitts left the scene *while* driving with a suspended license. Plus, the status of Pitts's license was relevant to Pitts's motive in fleeing. *See Rutherford v. State*, 902 So. 2d 211, 214 (Fla. 4th DCA 2005) (finding joinder proper when motive for some offenses was to avoid apprehension for other, earlier offenses); *see also Fletcher v. State*, 168 So. 3d 186, 203 (Fla. 2015) (finding consolidation appropriate when a causal link exists between offenses).

Next, Pitts has failed to demonstrate that severance was necessary for a fair determination of his guilt or innocence on either charge. This is not like *Estrich v.*

*State*, 995 So. 2d 613, 618 (Fla. 4th DCA 2008), for example, in which the court found a marijuana-possession charge should be severed from a DUI manslaughter charge when marijuana use did not contribute to the defendant's impairment at the time of the accident. In Pitts's case, the jury never heard anything about drug offenses; it only heard evidence regarding the crash and the fact that Pitts's license was suspended. And as already noted, evidence of Pitts's suspended license was relevant to the charge of fleeing the scene because it showed an additional motive to flee. It therefore would have been admissible in both trials had the charges been severed. *Cf. Fotopoulos v. State*, 608 So. 2d 784, 790 (Fla. 1992). The trial court did not abuse its discretion.

## II.

Pitts next argues that the trial court should have granted his motion for judgment of acquittal because the State failed to refute his reasonable theory of innocence. *See Thorp v. State*, 777 So. 2d 385, 389 (Fla. 2000) (noting circumstantial-proof standard). We review this claim de novo. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002).

A driver who willfully leaves the scene of an accident involving death commits a felony. § 316.027(2)(c), Fla. Stat. (2014). A driver is not guilty unless he had actual knowledge there was a crash and knew—or should have known from the

4

nature of the accident—that there was a resulting injury or death. *State v. Dorsett*, 158 So. 3d 557, 560 (Fla. 2015); *State v. Mancuso*, 652 So. 2d 370, 372 (Fla. 1995).

The theory of innocence Pitts asserts on appeal is that he thought he hit a dog, meaning he was unaware that he hit—much less killed—a person. But below, in moving for a judgment of acquittal, Pitts argued a theory of innocence that someone else was driving the Isuzu. Even if Pitts could concoct a new theory of innocence here (and he cannot, *see*, *e.g.*, *Newsome v. State*, 199 So. 3d 510, 513 (Fla. 1st DCA 2016) ("[I]n moving for a judgment of acquittal, a defendant must . . . outline his or her theory of defense and explain why it is not inconsistent with the circumstantial evidence.")), it would not help Pitts: There was sufficient evidence below to refute both theories.

As to the theory that someone else was driving, the State presented evidence that Pitts admitted driving, that his DNA was on the steering wheel, and that he became hysterical the following day when confronted with the Isuzu's damage. As to the theory that he thought it was just a dog—that he didn't know someone had been killed or seriously injured—the State presented evidence of the nature of the vehicle damage, which is enough to establish that he should have known there was serious injury. *See K.W. v. State*, 78 So. 3d 74, 76 (Fla. 2d DCA 2012) (citing *Williams v. State*, 732 So. 2d 431, 432 (Fla. 2d DCA 1999)). There was also evidence that the victim was standing when struck, rolled over the hood, and impacted the

windshield. This evidence further supports a finding that Pitts—at the very least—should have known the victim was injured. The trial court got it right in denying the motion for judgment of acquittal.

## III.

Pitts next claims the trial court should have excluded evidence of his son's hearsay statements. Pitts's former girlfriend (his son's mother) testified that the son woke her and Pitts up, screaming that something had happened to the Isuzu. The former girlfriend further testified that Pitts responded with shock, placing his hands on his head, but saying it was not he who drove the truck. Pitts made a hearsay objection, and the State argued that the son's statement was admissible either as an excited utterance (and therefore an exception to the hearsay rule, *see* § 90.803(2), Fla. Stat. (2015)) or to show Pitts's reaction (and therefore not hearsay at all). The trial court overruled the objection.

We review the court's evidentiary decision only for an abuse of discretion. *See Frances v. State*, 970 So. 2d 806, 814 (Fla. 2007). Here, there was no abuse of discretion. An out-of-court statement offered for some purpose other than its truth is not hearsay and is generally admissible if relevant to a material issue in the case. *Penalver v. State*, 926 So. 2d 1118, 1132 (Fla. 2006). If a statement is offered to show the effect on the listener rather than the truth of the statement, as was the case in this instance, it is not hearsay. *See Blackwood v. State*, 777 So. 2d 399, 407 (Fla.

6

2000); *Breedlove v. State*, 413 So. 2d 1, 7 (Fla. 1982); *Jenkins v. State*, 189 So. 3d 866, 869-70 (Fla. 4th DCA 2015); *Eugene v. State*, 53 So. 3d 1104, 1109 (Fla. 4th DCA 2011); *Krampert v. State*, 13 So. 3d 170, 174 (Fla. 2d DCA 2009); *Miller v. State*, 870 So. 2d 15, 17 (Fla. 2d DCA 2003).[2] Pitts's response to an allegation that he killed someone is relevant, so there was no error in admitting the testimony.[3]

IV.

Finally, Pitts claims the trial court erred by allowing the State to introduce evidence of the former girlfriend's prior inconsistent statements. At trial, the prosecutor asked the former girlfriend if Pitts told her not to report the crash to keep him out of trouble. The former girlfriend unequivocally denied it. The State subsequently called the investigating officer and asked what the former girlfriend had told him. Over Pitts's objection, the officer testified that the former girlfriend said Pitts *had* instructed her not to tell the police. This testimony was admissible because it directly contradicted the former girlfriend's testimony. *See* § 90.608(1), Fla. Stat. (2015) (providing that any party may attack the credibility of a witness by

---

[2] Because we conclude this was not hearsay, we need not consider the State's argument about the excited-utterance hearsay exception.

[3] Pitts also claims the court erred in allowing the investigating officer to testify regarding the son's statement. At trial, the officer testified that he interviewed the former girlfriend and she told him about the son's accusation. However, unlike when the former girlfriend testified, defense counsel failed to object when the officer testified about this subject. Without an objection, the issue is not preserved for review. *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985).

"[i]ntroducing statements of the witness which are inconsistent with the witness's present testimony"); *Wilcox v. State*, 143 So. 3d 359, 383 (Fla. 2014) ("To be inconsistent, a prior statement must either directly contradict or materially differ from the testimony presented during trial." (citation omitted)); § 90.614(2), Fla. Stat. (2015) (providing that extrinsic evidence of a prior inconsistent statement is admissible after a witness "denies making or does not distinctly admit making" the statement); *see also Monday v. State*, 792 So. 2d 1278, 1281 (Fla. 1st DCA 2001) (noting that a statement offered to impeach a witness is not hearsay because it is not offered to prove the truth of the matter asserted).

AFFIRMED.

B.L. THOMAS, C.J., and OSTERHAUS, J., CONCUR.