# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5010

_____

KENNETH LEE MANHARD,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Bay County.
Michael C. Overstreet, Judge.

October 1, 2019


B.L. THOMAS, J.

Appellant challenges his judgment and sentence for leaving the scene of a crash involving death, DUI manslaughter, and driving while license canceled, suspended, or revoked, causing serious bodily injury or death. We affirm because the evidence was sufficient to sustain the conviction, and the trial court's relevant evidentiary rulings were correct.

*Facts*

All charges arose from a crash on April 7, 2016, that resulted in the death of a motorcycle driver. The parties stipulated that Appellant had a suspended driver's license at the time of the offense. Eyewitnesses testified that Appellant had been driving a white Hyundai sedan that morning. One witness testified that

Appellant had appeared intoxicated at 3:54 a.m. when Appellant drove away in an undamaged white sedan. Other witnesses stated that between 4 and 5 a.m., they saw Appellant sitting behind the driver's seat of a white sedan with his eyes closed. They testified there was damage to the front of the vehicle and windshield, with the windshield containing a "butt print," blood, and hair. They also testified Appellant stated he had not hit anybody and that "someone threw a scooter at me."

A highway patrol officer testified that he responded to the scene of an accident involving the death of a motorcycle driver on Hathaway Bridge. The officer stated the damage to the rear and side of the motorcycle was consistent with a rear-end collision, and blood pools on the bridge indicated the motorcycle's driver had been hit and then moved by subsequent collisions. He testified that dispatch notified him of a suspect vehicle at a nearby gas station, where he observed Appellant next to a white Hyundai sedan, which had a damaged front end and windshield. He noted that both the blood and the "significant nature" of the deformed windshield showed the vehicle made contact with a human body, and there was an injury. In addition, he observed blue and green paint consistent with the victim's license plate, which had transferred onto the white vehicle.

A forensic pathologist testified that the cause of death was multiple blunt injuries, each of which could have caused great bodily harm. She stated, however, that it was impossible to determine which of the multiple impacts caused which specific injury.

After the State rested, Appellant moved for judgment of acquittal on all counts. Regarding the charge of leaving the scene of a crash involving death, Appellant argued the State failed to establish he knew or should have known he was involved in a crash with a person. He also argued the State failed to establish that he knew or should have known his crash with the victim resulted in the victim's death. He asserted that a driver must know of the specific impact that resulted in injury, when the crash involves multiple impacts.

As to the DUI manslaughter charge, Appellant argued the State failed to establish that he was impaired at the time he was

2

in actual physical control of the vehicle or that he caused or contributed to the victim's death. Lastly, regarding the charge of driving while license canceled, suspended, or revoked causing serious bodily injury or death, Appellant argued the State failed to provide evidence that Appellant drove carelessly or negligently. The trial court denied Appellant's motion on all counts.

Before trial, Appellant filed a motion in limine, stating:

> The State [intends] to show the video from the backseat of [a] Trooper['s] vehicle. The video contains reference to matters which have been suppressed, crimes not charged, and further matters which are more prejudicial than probative in this case.

At a pretrial hearing, the State agreed to redact the recording to omit references to all the instances listed in Appellant's motion in limine, including the segment which showed Appellant being restrained. At trial, Appellant reaffirmed the objections listed in the motion in limine, stating, "[j]ust with previous objections."

The redacted recording showed that Appellant was advised of his *Miranda** rights, and he invoked his right to silence. However, Appellant continued to talk after invoking his right, and claimed he did not own and had not driven the vehicle. He further alleged a bird had hit his windshield. Throughout the recording, Appellant used offensive language, threatened the officers, and threatened to urinate in the car. The recording also showed an interaction between two officers during which one officer mentioned "[h]e's invoked his right to remain silent." Appellant made no other objections during or after the presentation of the recording and did not move for a mistrial.

On Appellant's Criminal Punishment Code scoresheet, the State assessed Appellant 120 points in the "Victim Injury" category for "death." Appellant filed a second motion to correct sentence under Florida Rule of Criminal Procedure 3.800(b). Appellant argued that because the jury did not find Appellant actually caused the death or that the death was a direct result of

---

* *Miranda v. Arizona*, 384 U.S. 436 (1966).

Appellant's actions, Appellant's scoresheet sentence was impermissibly increased by a factor not found by the jury.

The trial court denied Appellant's second motion to correct sentence, stating, "the language of [section 921.0021(7)(a), Florida Statutes] imparts no such requirement; [t]he Defendant's conviction for DUI Manslaughter is sufficient on its own to support the enhancement."

*Analysis*

*I. The trial court did not err in denying the motion for judgment of acquittal*

Our review of the trial court's ruling denying the motion for judgment of acquittal is de novo. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002). "A trial court should not grant a motion for judgment of acquittal unless the evidence, when viewed in a light most favorable to the State, fails to establish a prima facie case of guilt." *State v. Odom*, 862 So. 2d 56, 59 (Fla. 2d DCA 2003). "Where the state has produced competent evidence to support every element of the crime, a judgment of acquittal is not proper." *Gay v. State*, 607 So. 2d 454, 457 (Fla. 1st DCA 1992).

Under section 316.027, Florida Statutes, to prove that the driver of a vehicle left the scene of a crash involving death or injury, the State must prove the driver of the vehicle had actual knowledge of a crash. But the State is not required to prove the defendant knew or should have known that a death occurred to sustain a conviction for leaving the scene of a crash resulting in death. *See State v. Dumas*, 700 So. 2d 1223 (Fla. 1997). Rather, the State must prove the defendant knew or reasonably should have known that a person was at least injured in the crash. *See State v. Mancuso*, 652 So. 2d 370, 371 (Fla. 1995) (holding that criminal liability for leaving the scene of an accident involving death or injury required proof that motorist knew of resulting injury or death or reasonably should have known from the nature of the accident).

The nature of the vehicle damage may be used to establish that the defendant should have known there was serious injury. *See Pitts v. State*, 227 So. 3d 674, 677 (Fla. 1st DCA 2017). In *Pitts*,

this Court held the trial court did not err in denying the defendant's motion for judgment of acquittal when the State had produced sufficient evidence that the defendant knew or should have known there was serious injury by presenting evidence that the defendant's DNA was on the steering wheel, the victim had rolled over the hood of the car, and the victim had impacted the windshield. *Id.* at 477.

Here, the State presented sufficient evidence that Appellant knew of the crash and knew or should have known there was serious injury. It introduced into evidence jail phone calls in which Appellant admitted, "somebody hit him into me, he rolled up over my car, broke the windshield, I freaked out, kept on driving." The State presented testimony that Appellant had been in the driver's seat with a damaged windshield and glass on him, and that he claimed a scooter hit his windshield. The State thus presented evidence that Appellant knew or should have known that there was serious injury to a person as Appellant's vehicle had hit the victim on his motorcycle from behind with enough "significant force" that the victim's body impacted the windshield. Viewed in the light most favorable to the State, the State established every element of leaving the scene of a crash involving death. *See Odom*, 862 So. 2d at 59.

Appellant also challenges the denial of the motion on the grounds that *Booker v. State*, 103 So. 3d 1035 (Fla. 2d DCA 2012) and *McGowan v. State*, 139 So. 3d 934 (Fla. 4th DCA 2014) hold for the principle that where the victim is involved in a multiple-impact collision, the State must prove the additional element that the driver knew of the *specific* impact that actually resulted in the injury. Even if these cases were binding on this Court, which they are not, *see Pardo v. State*, 596 So. 2d 665, 666–67 (Fla. 1992) ("[I]n the absence of interdistrict conflict, district court decisions bind all Florida *trial* courts") (emphasis added); *see Ansin v. Thurston*, 101 So. 2d 808, 810 (Fla. 1958) (holding the district courts of appeal were never intended to be intermediate courts, and review by the district courts are final and absolute in most instances); *see In re Rule 9.331, Determination of Causes by a Dist. Court of Appeal En Banc, Fla. Rules of Appellate Procedure*, 416 So. 2d 1127, 1127–28 (Fla. 1982)(noting the amendment "substantially strengthened the position of the district courts of appeal as final appellate courts"), both cases are distinguishable.

In *Booker*, the Second District held the State failed to present evidence that Booker knew or should have known that injury was a consequence of the crash when there was minimal injury to the vehicle and the victim's car was partially obscured from view by a parked patrol car. 103 So. 3d at 1036. Furthermore, nothing about the nature of the impact in and of itself established Booker knew or should have known the victim's car was occupied or that the victim was injured. *Id.* The present case is distinguishable as the victim was driving a motorcycle on a bridge, there was no evidence presented that the victim or his motorcycle were obscured from view, and both the victim and his motorcycle, as well as Appellant's vehicle, sustained substantial damage.

In *McGowan*, the Fourth District held the State failed to prove that McGowan knew or should have known that the accident involved a person when McGowan was not the first vehicle to hit the victim, other cars before him had not stopped, and testimony established the victim could not have been seen given the dim lighting conditions and the way the victim's body flew up in the air. 139 So. 3d at 938-39. Here, the State provided evidence that Appellant should have seen the victim, and known the accident involved a person. In addition, Appellant admitted in a jail phone call that he had hit someone, "freaked out," and kept driving.

## *II. The trial court did not err in admitting into evidence the recording from the trooper's vehicle*

Appellant challenges the court's admission of the recording from the trooper's vehicle. Appellant argues the recording contained evidence of bad acts, uncharged collateral crimes, and comments on Appellant's silence which encouraged the jury to render a verdict based on Appellant's bad character or prior bad acts, rather than whether the State proved his guilt for the crimes charged. We disagree.

First, we note that Appellant has not preserved his objections. "[T]o raise an error on appeal, a contemporaneous objection must be made at the trial level when the alleged error occurred." *Carr v. State*, 156 So. 3d 1052, 1062 (Fla. 2015) (citing *J.B. v. State,* 705 So. 2d 1376, 1378 (Fla. 1998). "If the court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to

6

preserve a claim of error for appeal." § 90.104(1), Fla. Stat. (2019). However, failure to object in the trial court does not constitute a waiver of the right to raise the issue upon appeal when the error of the trial judge constitutes a fundamental error. *Willard v. State*, 386 So. 2d 869, 871 (Fla. 1st DCA 1980). Fundamental error is error that "reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *Carr*, 156 So. 3d at 1063 (quoting *Archer v. State*, 934 So. 2d 1187, 1205 (Fla. 2006)).

Here, Appellant objected to parts of the recording through his motion in limine and reaffirmed those objections at trial by stating, "[j]ust with previous objections." Appellant made no other objections during or after the presentation of the recording, and did not move for mistrial. Appellant was not required to renew the objections concerning the portions of the recording listed in the motion in limine, and those issues have been preserved for appellate review. However, Appellant's argument regarding his repeated use of profanities, threat to urinate, and the comment on Appellant's silence was not included in the motion in limine, and Appellant did not make a contemporaneous objection. Accordingly, Appellant has not preserved the issues regarding his use of profanity, threats to urinate, and the comment on Appellant's silence.

We further hold that the admission into evidence of the redacted recording did not constitute fundamental error. "For an error to be so fundamental that it may be urged on appeal though not properly preserved below, the asserted error must amount to a denial of due process." *Castor v. State*, 365 So. 2d 701, 704 n.7 (Fla. 1978). The State introduced the recording as evidence of Appellant's intoxication, an element of DUI Manslaughter. In addition, the comment regarding Appellant's invocation of his right to remain silent was to inform the second officer that he could not ask Appellant any questions. The admission of Appellant's actions and statements as well as the statement regarding Appellant's silence did not create any error to the extent that a guilty verdict could not have been obtained without the assistance of the alleged error. *See F.B. v. State*, 852 So. 2d 226, 229 (Fla. 2003). Thus, the trial court did not err by admitting the recording into evidence.

7

And even if the issues had been preserved, the trial court did not abuse its discretion. Appellant alleges the recording shows him threatening the officers and threatening to kick the window of the patrol car, which constitutes bad acts and uncharged collateral crimes. But, "collateral-crime evidence, such as bad acts not included in the charged offenses, is admissible when relevant to prove a *material* fact in issue, but is inadmissible when the evidence is relevant *solely* to prove bad character or propensity." *Wright v. State*, 19 So. 3d 277, 291-92 (Fla. 2009)(emphasis supplied). The admission of collateral-crime evidence is not considered *Williams*-rule evidence when it is inextricably intertwined with the charged offenses. *Id.* at 292. Evidence of other bad conduct may be admitted as inextricably intertwined with the charged offense when it is "a *relevant* and *interwoven* part of the conduct that is at issue." *Id.* (emphasis supplied).

Here, Appellant's behavior, demeanor, words, and acts are relevant to establish the material fact of impairment at the time of the crash, an element of the crime of DUI Manslaughter. § 316.193(1)(a), Fla. Stat. (2019). Accordingly, the inclusion of evidence of Appellant's conduct was relevant to show impairment and was inextricably intertwined with the DUI Manslaughter charge. Thus, the trial court did not err in admitting the recording, and did not abuse its discretion. *See Dorsett v. State*, 944 So. 2d 1207, 1216 (Fla. 3d DCA 2006) (holding where evidence of a prior drug transaction went towards a material issue in dispute, there was no abuse of discretion in admission of the evidence).

### III. The trial court properly assessed victim-injury points

Appellant argues the 120 victim-injury points for death on the Criminal Punishment Code Scoresheet were assessed in error as the evidence did not show, and the jury did not find, that the death of the victim was the direct result of any of Appellant's crimes or convictions in this case.

"[T]he decision of a trial court to impose victim-injury points is subject to an abuse-of-discretion standard." *Sims v. State*, 998 So. 2d 494, 504 (Fla. 2008) (citation omitted). "Victim injury shall be scored for each victim physically injured during a criminal episode or transaction, and for each count resulting in such injury whether there are one or more victims." Fla. R. Crim. P.

3.701(d)(7). "Points for victim injury [are] added for each victim injured during a criminal transaction or episode. The injury need not be an element of the crime for which the defendant is convicted, but is limited to physical trauma." *Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 & 3.988)*, 522 So. 2d 374 (Fla. 1988). The supreme court clarified that the "direct result" language included a causation element linking the death of the victim and the charged offense. *Sims*, 998 So. 2d at 505. A conviction under "vehicular homicide or any other offense in which the crime actually involved the impact that caused the death . . . would have satisfied the causation requirement for the imposition of victim-injury points." *Id.* Here, Appellant was charged with DUI manslaughter, which satisfies the causation requirement as it links the death with the charged offenses. Therefore, the victim-injury points were properly assessed.

AFFIRMED.

LEWIS and ROBERTS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andy Thomas, Public Defender, Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Sharon S. Traxler, Assistant Attorney General, Tallahassee, for Appellee.