425 So.2d 1189 (1983)
Gilbert William CORNWELL, Appellant,
v.
STATE of Florida, Appellee.
No. AJ-396.
District Court of Appeal of Florida, First District.
January 27, 1983.
*1190 Michael Allen, Public Defender, David J. Busch, Asst. Public Defender, Tallahassee, Gilbert Cornwell, pro se, for appellant.
Jim Smith, Atty. Gen., and Richard A. Patterson, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Cornwell timely appeals his conviction and sentence, following a jury trial, on a charge of sexual battery of his eleven year old stepdaughter. Finding no reversible error, the public defender filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Cornwell was permitted thirty days to file his own brief. Upon this Court's initial review, additional briefing was sought and received on issues relevant to a thorough and proper disposition of the case.
Although several issues were presented by Cornwell and other issues were posed sua sponte by the court, we find none so meritorious to cause reversal and accordingly affirm the trial court's judgment and sentence. However, disposition of Cornwell's motion for judgment of acquittal warrants explanation.
Appellant's motion was made at the close of the State's case and renewed following presentation of the defense case on the ground that the State had failed to prove a prima facie case, in that the testimony was "rather ambiguous, vague" and indefinite and that the evidence was simply insufficient. We find this motion to be deficient to preserve the point on appeal as it does not fully set forth the ground on which it is based. Rule 3.380(b), Florida Rules of Criminal Procedure; Sanderson v. State, 390 So.2d 744 (Fla. 5th DCA 1980); Patterson v. State, 391 So.2d 344 (Fla. 5th DCA 1980).
Cornwell's shotgun motion failed to specify for the trial judge to what extent the evidence was insufficient. And, unless the error complained of is adequately brought to the attention of the trial judge, it is not preserved and cannot be considered by this Court. G.W.B. v. State, 340 So.2d 969 (Fla. 1st DCA 1977).
The judgment and sentence is therefore AFFIRMED.
JOANOS, J., and SHAW, LEANDER, Associate Judge, concur.