WARNER, J.
We affirm appellant’s conviction for burglary of a dwelling. Although appellant argues that the circumstantial evidence was insufficient for him to be found a principal to burglary of a dwelling or of shooting into an occupied dwelling, this argument was not raised at trial. Instead, the defense argued the evidence was insufficient as to the identification of appellant. Thus, the argument made on appeal was not preserved in the trial court and cannot be raised for the first time on appeal. See Callins v. State, 698 So.2d 888, 885 (Fla. 4th DCA 1997); Cornwell v. State, 425 So.2d 1189, 1190 (Fla. 1st DCA 1983).
As a second issue on appeal, appellant contends that the court erred in admitting evidence of gunshot residue testing of appellant’s co-defendant because it did not pass the Frye test for scientific reliability. One issue in this case related to who fired the gun. The state claimed that appellant’s co-defendant did the shooting, and the defense argued that one of the victims fired the gun. The co-defendant called the residue expert to establish that the victim had twelve particles of gunshot residue on his hands. Prior to the expert’s testimony, the co-defendant’s counsel moved in limine to prevent the expert from also testifying that the co-defendant had only one particle on his hand, as the expert would also testify that generally a finding of two or less particles is not forensically significant. Appellant and his co-defendant both argued that /the testing failed to meet the Frye standard.
Appellant’s argument, however, did not contest the reliability of the expert’s scientific methods of obtaining the residue, but rather, the forensic relevance of the finding that residue was present. At best, because of its forensic insignificance, the evidence may not have been relevant. However, in our view, it actually tends to prove the defense’s theory that the victim shot the gun rather than the co-defendant because the co-defendant did not have a forensically significant amount of residue on his hand. The expert explained that this small amount of residue could occur without even touching a gun which was fired.
Finally, we conclude that the prejudicial effect of this evidence did not outweigh its probative value. The state did not highlight this evidence; the defense did. While the defense argued the gun residue on the victim’s hands in closing argument, neither side mentioned the residue on the co-defendant’s hand. We fail to see how this evidence harmed the defense more than it helped it.
Affirmed.
FARMER and TAYLOR, JJ., concur.