REYES, ISRAEL U., Associate Judge,
concurring specially in part.
It is my opinion that the majority reached the right conclusion, but for the wrong reasons, regarding the firearm enhancement issue. Therefore, I concur only *1039 in the judgment for the reasons stated herein.
The first consideration of statutory construction is the plain meaning of the statute, because legislative intent is derived primarily from its language. See State v. Bodden, 877 So.2d 680 (Fla.2004); State v. Rife, 789 So.2d 288, 292 (Fla.2001); Moonlit Waters Apartments, Inc. v. Cauley, 666 So.2d 898 (Fla.1996). Florida courts have long held that one of the most fundamental tenets of statutory construction requires that statutory language be given its plain and ordinary meaning unless words are defined therein. See Se. Fisheries Ass’n v. Dep’t of Natural Res., 453 So.2d 1351 (Fla.1984); Green v. State, 604 So.2d 471 (Fla.1992); State v. Del Castillo, 890 So.2d 376 (Fla. 3d DCA 2004). If not defined in a statute, a court may refer to a dictionary to ascertain the plain and ordinary meaning that the legislature intended to ascribe to a term. See L.B. v. State, 700 So.2d 370 (Fla.1997).
Additionally, where the language of the statute is clear and amenable to a reasonable and logical interpretation, courts are without power to diverge from the intent of the Legislature as expressed in the plain language of the statute. See Palm Beach County Canvassing Bd. v. Harris, 772 So.2d 1220 (Fla.2000). A court cannot construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications. See Velez v. Miami-Dade County Police Dep’t, No. SC04-1944, — So.2d -, 2006 WL 345702 (Fla. Feb. 16, 2006). To do so would be an abrogation of legislative power. See McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)).
Section 790.19, Florida Statutes (2004), states in pertinent part:
Whoever, wantonly or maliciously, shoots at, within, or into, or throws any missile or hurls or projects a stone or other hard substance which would produce death or great bodily harm, at, within, or in any public or private building, occupied or unoccupied ... shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Although the terms “weapon” and “firearm” are not used in the statute, the terms “shoot” and “missile” are used. Since those terms are not defined in the statute, this court must look to the dictionary to determine the meaning of “shoot” and “missile.” The American Heritage Dictionary of the English Language 1259 (4th ed.2000), defines “shoot” as “[t]o hit ... with a missile fired from a weapon.” Id. According to Black’s Law Dictionary 1378 (6th ed.1990), “shoot” “generally implies the use of firearms.” The American Heritage Dictionary of the English Language 872 (4th ed.2000), defines “missile” as “[a] ... weapon that is fired ... at a target.” Fired means to have been discharged from a firearm. Id. at 512.
The question now becomes whether a weapon or firearm is an essential element of the crime by application of section 776.087(l)(b), Florida Statutes (2001):
Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element,^[1] and during the commission of such felony the defendant carries, displays, or uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the *1040 defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified ... [i]n the case of a felony of the second degree, to a felony of the first degree.
(Emphasis added).
Thus, the plain meaning of the modifier “essential” is at issue. Again, since the term “essential” is likewise, not defined in the statute, this court must look to the dictionary to determine the meaning of that term. The American Heritage Dictionary of the English Language 469 (4th ed.2000), defines “essential” as “basic or indispensable; necessary.” Id. According to Black’s Law Dictionary 546 (6th ed.1990), “essential” means indispensably necessary, requisite.
If the reasonable and obvious implications of the word “shoot,” as used in the statute, are that one must use a firearm or other weapon to shoot or fire a missile (itself a weapon),[2] then the reasonable and logical interpretation of the statutory language is that a weapon or firearm is indispensably necessary or a basic requisite for the commission of the felony enumerated in section 790.19, Florida Statutes (2001). Thus, the use of a weapon or firearm clearly becomes an essential element of that felony.
Accordingly, since the unambiguous plain language of both statutes is controlling and this court cannot abrogate legislative power, I would reverse on that basis.

. The elements of the subject crime are derived from the statutory definition of section 790.19, Florida Statutes (2001). See § 790.19, Fla. Stat. (2001); Reynolds v. State, 842 So.2d 46 (Fla.2002).

. I do not maintain that the weapon at issue here was the projectile/missile. The weapon at issue was the firearm. Nowhere in the record did the defendant, in raising his objection, ever state that the weapon in question was the missile/projectile. Since the trial court was not afforded an opportunity to address it, the defendant did not preserve this issue for appeal. See Cornwell v. State, 425 So.2d 1189 (Fla. 1st DCA 1983) (to satisfy the requirements of the contemporaneous objection rule, an objection must be specific enough to inform the judge of the alleged error and to preserve the issue for intelligent review on appeal).