IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KENNETH KARLSTON
NEWSOME,

 Appellant,

v.

STATE OF FLORIDA,

 Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3680

_____/

Opinion filed September 6, 2016.

An appeal from the Circuit Court for Duval County.
Mark J. Borello, Judge.

Rick A. Sichta, Susanne K. Sichta, and Joseph Hamrick of The Sichta Firm, Jacksonville, for Appellant.

Pamela Jo Bondi, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.

WETHERELL, J.

 Appellant was convicted of attempted first-degree murder, kidnapping, and armed robbery. He raises two issues in this direct appeal, only one of which merits discussion: whether the trial court erred in denying his motion for judgment of

acquittal on all counts. We affirm this issue for the reasons that follow, and we affirm the other issue without discussion.

## Factual and Procedural Background

On June 10, 2014, Marcel Jean-Gilles, a 71-year old taxi driver, was stabbed and robbed inside his taxi after picking up two men from a hotel in downtown Jacksonville. At trial, Jean-Gilles testified that the man in the front seat grabbed his hands, held them to the steering wheel, and demanded all his money, while the man in the back seat stabbed him in the neck. Jean-Gilles gave the man in the front seat all the cash he had in his pocket (approximately $20), but the man was unsatisfied and continued to demand more money. After a struggle with the man in the front seat, during which the man in the back seat cut the side of Jean-Gilles' neck under his ear, Jean-Gilles was able to get out of the taxi and run away. Jean-Gilles, who suffered "life threatening" wounds, was unable to identify the attackers, but he testified that the two men were his first and only customers that night.

At some point during the attack, Jean-Gilles' taxi crashed into a steel barrier at the end of a dead-end street. George Johnson testified that he heard the crash, so he looked out the window and saw three men running away from the taxi in different directions. Johnson went to his bedroom to call 911, and then he went

2

back to the window. The police arrived approximately ten minutes later. While waiting for the police to respond, Johnson did not see anyone in or around the taxi.

During the investigation of the incident, law enforcement found Appellant's fingerprint on the handle of the rear passenger door of Jean-Gilles' taxi. In an interview with police, Appellant denied that he had ever been in the taxi or that he was involved in the attack on Jean-Gilles, but he agreed to submit a DNA sample. Appellant's DNA was a match for DNA taken from a brown hat that was recovered from the back seat of the taxi the night the incident occurred. Jean-Gilles told investigators that the hat was not inside his taxi before the two men attacked him.

At the close of the State's case, defense counsel moved for a judgment of acquittal, stating:

> [Counsel]: As the state has rested the defense enters a motion for a J.O.A. on the standard after reviewing the evidence in light of the favor of the prosecution a trier of fact could not have found essential elements of the crimes alleged beyond a reasonable doubt in Tibbs versus Florida.[1]

> THE COURT: Anything else?

---

[1] Presumably, counsel was referring to Tibbs v. State, 397 So. 2d 1120 (Fla. 1981), in which the court outlined the difference between the weight and the sufficiency of the evidence and explained that "a finding that the evidence is legally insufficient means that the prosecution has failed to prove the defendant's guilt beyond a reasonable doubt."

[Counsel]:        No Your Honor

In response, the State argued that the applicable standard for the motion was "a prima faci[e] case of guilt" and that it had proven all of the elements of the charged offenses. The trial court agreed and denied the motion.

Appellant then testified on his own behalf. He claimed that he was riding his bike from his cousin's house when he happened upon an empty taxi with its doors open and the engine running. He looked inside and saw what he thought was a plastic bag of crack cocaine on the rear floorboard, so he got inside the taxi to look under the seats. During his search, he took off the hat he was wearing and mistakenly left it on the back seat. He then saw some "stains" on the front seat that "scared" him, so he got on his bike and rode away. According to Appellant, his entire encounter with the taxi lasted approximately one to two minutes.

Following this evidence, defense counsel renewed the motion for judgment of acquittal "[f]or the record" without additional argument, and the trial court again denied the motion. The jury found Appellant guilty as charged on all counts, and the trial court sentenced him to life in prison for the attempted murder and two consecutive 40-year terms for kidnapping and armed robbery.

## Analysis

On appeal, Appellant argues that the trial court erred in denying his motion for judgment of acquittal for two reasons:  first, he contends that the evidence was

4

legally insufficient to prove he committed the charged offenses; and, second, he contends that this was a wholly circumstantial evidence case and the State failed to present evidence inconsistent with his version of events. The State argues that neither of these issues were properly preserved for appellate review. We agree.

There are two legally distinct issues that can be raised by a defendant in a motion for judgment of acquittal: (1) whether the State has presented legally sufficient evidence to establish each element of a charged offense; and (2) in a case where the only proof of guilt is circumstantial, whether the evidence presented by the State is inconsistent with any reasonable hypothesis of innocence, including the defendant's own version of events. See Hodgkins v. State, 175 So. 3d 741, 746 (Fla. 2015) (distinguishing these two issues by explaining that a "special standard of review of the sufficiency of the evidence" applies in cases based wholly on circumstantial evidence (quoting Thorp v. State, 777 So. 2d 385, 389 (Fla. 2000))); Dausch v. State, 141 So. 3d 513, 517 (Fla. 2014) (same); see also Knight v. State, 186 So. 3d 1005, 1009-10 (Fla. 2016) (upholding the use of the circumstantial evidence standard when ruling on motions for judgment of acquittal).

Pursuant to the rules of criminal procedure, a motion for judgment of acquittal "must fully set forth the grounds on which it is based." Fla. R. Crim. P. 3.380(b). Accordingly, to preserve either or both of the above issues, the precise legal argument as to why the evidence is insufficient to sustain a conviction must

5

be presented to the trial court.  See Woods v. State, 733 So. 2d 980, 984 (Fla. 1999) ("To preserve an argument for appeal, it must be asserted as the legal ground for the objection, exception, or motion below."); § 924.051(1)(b), Fla. Stat. (defining an argument as "preserved" when it was "sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor").  In other words, in moving for a judgment of acquittal, a defendant must identify the element, or elements, of a crime for which he or she contends the evidence is lacking, and, if the evidence is purely circumstantial, outline his or her theory of defense and explain why it is not inconsistent with the circumstantial evidence.  A "boilerplate" motion is not enough.  See Romero v. State, 901 So. 2d 260, 265 (Fla. 4th DCA 2005) (describing a boilerplate motion as one in which a defendant merely argues that "the state failed to present a prima facie case").

Here, defense counsel made a boilerplate motion for judgment of acquittal, which was not sufficient to preserve either of the issues Appellant raises in this appeal regarding the denial of that motion.  As to whether the State presented legally sufficient evidence to support Appellant's convictions for attempted first-degree murder, kidnapping, and armed robbery, the issue was not preserved because counsel did not point to any elements of those crimes for which he believed evidence was lacking.  Likewise, the issue of whether the State presented evidence inconsistent with Appellant's version of events was not preserved

6

because counsel did not argue that this was a wholly circumstantial evidence case, thus triggering the special standard of review under which the trial court would have been required to rule on the motion. Nor did counsel outline a theory of defense and argue that the circumstantial evidence was consistent, rather than inconsistent, with that theory.

## Conclusion

In sum, because Appellant did not properly preserve the arguments raised on appeal concerning the denial of his motion for judgment of acquittal, we affirm the trial court's ruling on that issue. And because we find no merit in the other issue raised by Appellant, we affirm his judgment and sentence.

AFFIRMED.

B.L. THOMAS and WINSOR, JJ., CONCUR.