# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-3860
_____

JONATHAN CHARLES,

  Appellant,

  v.

STATE OF FLORIDA,

  Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

August 24, 2018

WOLF, J.

Appellant challenges his convictions and sentences for second-degree felony murder and burglary. He argues the State's circumstantial evidence failed to rebut his reasonable hypothesis of innocence which constituted fundamental error. We find the evidence was sufficient and affirm.

## FACTS

Appellant was charged by information with burglary and second-degree felony murder of Tyrone Ward, who was shot by a resident during the commission of the burglary. The State alleged appellant was in actual possession of a firearm for both offenses.

At trial, the State presented evidence that appellant and Tyrone Ward broke into an occupied apartment. A neighbor testified she saw two men working together to kick down her neighbors' front door. They had a black bag at their feet. One of the residents of that apartment hid in his en suite bathroom while his front door was being kicked down. The resident heard someone kick in his bedroom door and search his room. The intruder then opened the bathroom door where the resident was hiding, and the resident shot and killed the intruder. The resident exited his bedroom and saw a second intruder standing on the other side of the apartment. The resident fired a shot in his direction to "hold him back" while the resident fled. He did not see a firearm in either man's hand.

A second resident saw one of the intruders run down the back steps and flee in a red SUV, holding his shoulder. He took a picture of the SUV. Police stopped a vehicle matching the one photographed by the victim. A female was driving. There was blood in the driver's seat and a receipt from Walmart for painkillers. Appellant was later arrested at the home of a second woman. He was taken to the hospital for a shoulder injury, photos of which were submitted to the jury.

At the victims' apartment, police found a black bag in the foyer containing a gun, duct tape, two cell phones, and identification belonging to Ward. The residents stated the bag and gun did not belong to them.

Officers searched appellant and Ward's cell phones. Directly prior to the incident, Ward texted an unknown number and stated, "I need a ride south side for this lick." An officer testified a "lick" is a robbery, and the incident took place on the south side of town. Ward then texted appellant and asked, "you got the other stick." Appellant responded, "SMH [shaking my head]. Nah. Look like we don't need it." An officer testified a "stick" is a firearm. Ward replied, "okay OMW [on my way]." Appellant then texted, "am finnin try go get one."

Officers testified that location data placed appellant's phone near the victims' apartment at the time of the incident. Then, his phone traveled to the vicinity of the address of the woman who

2

owned the red SUV with blood in the driver's seat. It then traveled to the area of Walmart at the same time reflected on the receipt for pain killers. Finally, it traveled to the apartment where appellant was later arrested.

Appellant's counsel moved for judgment of acquittal, arguing that while the State "may have evidence to go forth with a burglary or . . . second degree murder" charge, there was no evidence that appellant was in actual possession of a firearm. The court denied the motion.

The jury found appellant guilty as charged of second-degree felony murder and burglary but found he was not in actual possession of a firearm. The court sentenced appellant to concurrent terms of 35 years in prison for each offense. This timely appeal follows.

ANALYSIS

"This Court reviews a defendant's unpreserved claim that a trial court committed fundamental error *de novo*." *Croom v. State*, 36 So. 3d 707, 709 (Fla. 1st DCA 2010).

Appellant argues the evidence was insufficient to prove either burglary or second-degree felony murder. He concedes that circumstantial evidence placed him in the victims' apartment, where he was shot and then fled. However, he argues mere knowledge that an offense is being committed and mere presence at the scene of the crime is insufficient to establish participation in the offense. He asserts there is no direct evidence that he had prior knowledge of or intent to commit the burglary and murder along with Ward, and the State's circumstantial evidence that he was in the apartment did not rebut his reasonable hypothesis of innocence that he merely gave Ward a ride. He concedes he failed to preserve this argument but asserts his convictions are fundamental error because the evidence did not prove that he committed the charged offenses. This argument fails for several reasons.

First, appellant cannot raise for the first time on appeal an argument that the special circumstantial evidence standard

3

applies. "A special standard of review of the sufficiency of the evidence applies where a conviction is wholly based on circumstantial evidence. Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." *State v. Law*, 559 So. 2d 187, 188 (Fla. 1989) (internal citations omitted). However, "[t]he state is not required to 'rebut conclusively every possible variation' of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant's theory of events." *Id.* (quoting *State v. Allen*, 335 So. 2d 823, 826 (Fla. 1976)).

This court held that where counsel makes a mere boilerplate motion for judgment of acquittal, "the issue of whether the State presented evidence inconsistent with Appellant's version of events was not preserved because counsel did not argue that this was a wholly circumstantial evidence case, thus triggering the special standard of review under which the trial court would have been required to rule on the motion. Nor did counsel outline a theory of defense and argue that the circumstantial evidence was consistent, rather than inconsistent, with that theory." *Newsome v. State*, 199 So. 3d 510, 513 (Fla. 1st DCA 2016).

Here, as in *Newsome*, appellant's counsel failed to preserve a claim that the evidence was wholly circumstantial, and thus the special standard of review for circumstantial evidence claims was not triggered. Instead, in moving for judgment of acquittal, counsel conceded the State "may have evidence to go forth with a burglary . . . or second degree [felony] murder" charge, and challenged only the sufficiency of the evidence that appellant was in actual possession of a firearm. Thus, appellant's challenge to the sufficiency of the evidence for the burglary and second-degree murder charges is reviewable only for fundamental error.

Insufficient evidence constitutes fundamental error only where the State failed to prove that the defendant "committed *any* crime." *Monroe v. State*, 191 So. 3d 395, 401 (Fla. 2016). Here, there was sufficient evidence that appellant committed a crime. Appellant concedes circumstantial evidence placed him in

the apartment as one of the intruders. Eyewitnesses saw only two intruders, and one eyewitness testified that both intruders worked to break down the front door to the victims' apartment. Thus, there was evidence that appellant participated in the commission of the offense and was not merely present at the scene of the crime. *Cf. Garcia v. State*, 899 So. 2d 447, 450 (Fla. 4th DCA 2005) ("Mere knowledge that an offense is being committed and mere presence at the scene of the crime are insufficient to establish participation in the offense."). Appellant and Ward also texted about bringing a gun, and Ward indicated to an unknown third party that he was going to commit a robbery. Thus, the State presented sufficient evidence that appellant committed a crime – specifically, the charged offenses of burglary and second-degree felony murder.[*] As such, we affirm.

AFFIRMED.

OSTERHAUS and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.

---

[*] Even if the special circumstantial evidence standard applied here, the State's evidence that appellant was one of the two intruders who broke down the door and entered the victims' apartment was inconsistent with appellant's theory of defense that he merely gave Ward a ride. Thus, even under that standard, the evidence would have been sufficient.