FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D17-3593
_____

QUINTAE DAVOURIS HUDSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____


On appeal from the Circuit Court for Duval County.
James Daniel, Judge.

August 14, 2019


PER CURIAM.

While Appellant, Quintae Davouris Hudson, was in jail awaiting trial on a charge of shooting or throwing a deadly missile into a vehicle, an eyewitness to the crime gave deposition testimony identifying Hudson as the perpetrator. After the deposition, but before trial, the eyewitness was shot and killed.

The State subsequently charged Hudson with first degree murder as a principal, conspiracy to commit first degree murder, four counts of witness tampering, and directing the activities of a criminal gang, all in addition to the original charge of shooting or throwing a deadly missile into a vehicle. The jury convicted Hudson as charged, less one count of witness tampering that was dismissed by the State, and the court sentenced him accordingly.

Hudson now challenges his convictions, raising four issues. The first concerns the trial court's denial of his motion for judgment of acquittal on the first degree murder charge on the basis that there was insufficient evidence to establish that he aided and abetted the actual perpetrator of the crime. The remaining issues address the trial court's rejection of Hudson's hearsay objections to certain witness statements. We affirm as to the hearsay issues without additional comment. For the reasons explained below, we also affirm the conviction.

## I.

The investigation into the victim's murder revealed the significance of his testimony in the underlying missile-throwing case against Hudson. The State's theory of the case on the murder charge was that Hudson arranged for the victim's death by soliciting and assisting his fellow gang members to prevent the victim from testifying. The State established this through jailhouse phone recordings and recording transcripts (the source of the hearsay objections), phone records, and testimony from two of Hudson's girlfriends and other witnesses (including investigators and law enforcement gang experts).

At the close of the State's case, Hudson moved for a judgment of acquittal "based on the State's failure to prove a prima facie case" as to all counts, and at the trial's end, Hudson renewed the motion, stating "I would renew my motion for judgment of acquittal" arguing that the State "has failed to prove . . . all of the elements contained in each of the counts charged." The trial court denied both motions.

## II.

In this appeal, Hudson for the first time argues he was entitled to a judgment of acquittal because the State's circumstantial evidence fell short of proving its theory of the case beyond a reasonable doubt, and that his conviction as a principal must therefore be reversed because a person cannot be convicted of aiding and abetting an unknown perpetrator of a crime. Hudson also argues (again for the first time) that a conviction for a crime totally unsupported by evidence constitutes fundamental error.

Hudson asserts further that the State failed to prove who actually killed the victim, or that the victim was in contact with the shooter, much less that Hudson assisted in committing the crime.

Appellate courts review a trial court's denial of a motion for judgment of acquittal *de novo*. *Rasley v. State*, 878 So. 2d 473, 476 (Fla. 1st DCA 2004). "[I]n moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence, but also every reasonable conclusion favorable to the state that the trier of fact might fairly infer from the evidence." *Id.* (quoting *Sutton v. State*, 834 So. 2d 332, 334 (Fla. 5th DCA 2003)).

We agree with the State that Hudson failed to preserve his arguments on appeal as to why the trial court should have granted his motions for judgment of acquittal. "[I]n moving for a judgment of acquittal, a defendant must identify the element, or elements, of a crime for which he or she contends the evidence is lacking, and, if the evidence is purely circumstantial, outline his or her theory of defense and explain why it is not inconsistent with the circumstantial evidence." *Newsome v. State*, 199 So. 3d 510, 513 (Fla. 1st DCA 2016). Here, Hudson's boilerplate motions were insufficient to preserve his points on appeal as they did not fully set forth the grounds on which they were based. *See Cornwell v. State*, 425 So. 2d 1189, 1190 (Fla. 1st DCA 1983) (holding that a defendant's motion alleging "the State had failed to prove a prima facie case" was "deficient to preserve the point on appeal"); *see also Charles v. State*, 253 So. 3d 1230, 1232 (Fla. 1st DCA 2018) ("[A]ppellant cannot raise for the first time on appeal an argument that the special circumstantial evidence standard applies."). Accordingly, this Court's review is only for fundamental error.

Relying on *F.B. v State*, 852 So. 2d 226 (Fla. 2003), Hudson argues that fundamental error occurred because the evidence is insufficient to show that a crime was committed at all. We disagree. There was ample evidence that, at the very least, Hudson committed the crime of criminal solicitation, which section 777.04, Florida Statutes, defines as:

> [A] person who solicits another to commit an offense prohibited by law and in the course of such solicitation commands, encourages, hires, or requests another person to engage in specific conduct which would constitute such

offense or an attempt to commit such offense commits the offense of criminal solicitation, ranked for purposes of sentencing as provided in subsection (4).

The Florida Supreme Court explained that the elements of this crime are:

> (1) commanding, hiring, requesting, or encouraging another person to commit a crime and (2) the intent that the other person commit the crime. No agreement is needed, and the fact that the person solicited has no intention of committing the crime is irrelevant as long as the command, request, or encouragement is made with the requisite intent.

*The Florida Bar v. Marable*, 645 So. 2d 438, 442 (Fla. 1994).

Here, the State presented evidence in the form of jailhouse phone recordings that Hudson was in frequent direct and indirect contact with fellow gang members complaining about how the victim's testimony was likely to result in Hudson's conviction and how his fellow gang members were doing nothing to "handle" the situation, alternatively pleading and insisting that the victim be "handled" and telling the gang's leader that he would not mind if the victim failed to testify. In one instance, the gang leader promised to "go by [the victim's] house tonight." The State also presented evidence that Hudson either directly or indirectly furnished the gang with the victim's address. Finally, the evidence showed that Hudson was informed of the victim's death very shortly after it happened and expressed his relief that it meant he'd be going home.

Such evidence was sufficient for a rational factfinder to find that Hudson solicited the victim's murder. Because there was sufficient evidence that Hudson committed a crime, even if not the crime charged, Hudson's conviction is not fundamental error.

AFFIRMED.

RAY, C.J., and B.L. THOMAS and WINOKUR, JJ., concur.

4

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andy Thomas, Public Defender, and Maria Ines Suber, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.